·WYSOCKI, Respondent, vs. WISCONSIN LAKES ICE & CARTAGE COMPANY, Appellant.

*September 15—October 3, 1905.*

*Limitation of actions: Notice of injury: Parent and child: Personal injuries to child: Loss of service: Cause of action.*

·1. The classification of causes of action in subd. 5, sec. 4222, Stats. 1898, as "to recover damages for an injury to property, real or personal, or for an injury to the person, character or rights of another, not arising on contract," indicates a legislative intent that each class of causes of action within the meaning of the statute should be separate and distinct, and that a cause of action for an injury to property, real or personal, and a cause of action for an injury to the rights of another, not arising on contract, should be separate and distinct from a cause of action "for an injury to the person."

· 2. An injury to the person means a bodily injury.

· 3. The notice of injury required by subd. 5, sec. 4222, Stats. 1898, applies to classes of causes of action for a bodily injury, and does not apply to any of the other classes designated in the statute.

.4. An action by a parent for loss of services and incidental expenses occasioned because of a personal injury to his son is not an action to recover damages "for an injury to the person," and hence may be brought at any time within the six-year period, without the service within one year after the injury of the notice designated in subd. 5, sec. 4222, Stats. 1898.

· 5. The notice required by subd. 5, sec. 4222, Stats. 1898, is not a

condition precedent to the cause of action, but a condition in
the nature of a limitation upon rights existing at common law,
and therein differs from the notice required in highway cases
by sec. 1339.

APPEAL from a judgment of the circuit court for Milwau-
kee county: ORREN T. WILLIAMS, Circuit Judge. *Affirmed.*

The plaintiff's son, a minor, was severely injured while in
defendant's employ, and commenced an action through his
guardian to recover damages for such injuries, which case
was appealed to this court and is reported in 121 Wis. 96,
98 N. W. 950. No notice of injury was served in such ac-
tion, the same having been brought within one year from the
time of the injury. The case at bar is an action brought by
the father of said minor to recover damages for loss of serv-
ices and for expense of medical attendance and nursing re-
sulting from the injury sustained by said minor. Said minor
son of plaintiff was injured on the 28th day of July, 1900.
The summons and complaint in this action were served on
the 28th day of May, 1904, four years after the date of in-
jury to the son. The facts were stipulated on the trial, and
it was agreed that in case plaintiff was entitled to recover
upon such facts he should recover $1,000 damages; the only
question in controversy being whether it was necessary to
serve the notice provided for in subd. 5, sec. 4222, Stats.
1898, and, if so, whether the service of the summons and com-
plaint in the action by the son through his guardian within
one year from the date of injury was sufficient. Each party
moved upon the stipulation for a directed verdict. Defend-
ant's motion was denied, and a verdict directed in favor of the
plaintiff for $1,000, upon which judgment was entered, and
from which this appeal was taken. Error is assigned because
the court ordered judgment for the plaintiff.

For the appellant there was a brief by *Fiebing & Killilea,*
and oral argument by *W. F. Adams* and *H. J. Killilea.*

*Frank H. Gugel,* for the respondent.

Kerwin, J.    The statute limiting the time for the commencement of certain actions to six years, so far as applicable here, reads as follows:

"An action to recover damages for an injury to property, real or personal, or for an injury to the person, character or rights of another, not arising on contract, except in case where a different period is expressly prescribed. . . . No action to recover damages for an injury to the person shall be maintained unless, within one year after the happening of the event causing such damages, notice in writing, signed by the party damaged, his agent or attorney, shall be served upon the person or corporation by whom it is claimed such damage was caused, stating the time and place where such damage occurred, a brief description of the injuries, the manner in which they were received, and the grounds upon which claim is made and that satisfaction thereof is claimed of such person or corporation.    Such notice shall be given in the manner required for the service of summons in courts of record. . . . When an action shall be brought and a complaint actually served therein within one year after the happening of the event causing such damages, the notice herein provided for need not be served."    [Subd. 5, sec. 4222, Stats. 1898, as amended by ch. 307, Laws of 1899.]

The defendant contends that the cause of action set up in the complaint for loss of services and expenses of medical attendance and nursing occasioned by the injury to the minor son of plaintiff comes within the class designated in subd. 5, sec. 4222, Stats. 1898, "for an injury to the person," and therefore the notice provided for in such section should have been served in order to enable plaintiff to maintain this action.    We do not think the statute will bear such interpretation.    It will be seen that this statute classifies the actions to which the six-year limitation applies as follows:

"An action to recover damages for an injury to property, real or personal, or for an injury to the person, character or rights of another, not arising on contract."

This classification indicates very clearly that the legislature intended that each class of causes of action within the mean-

ing of this statute 'should be separate and distinct, and that a cause of action for an injury to property, real or personal, and a cause of action for an injury to the rights of another, not arising on contract, should be separate and distinct from a cause of action ":for an injury to the person." Each cause of action is based upon the peculiar nature of the right violated, and the provisions of the statute seem to classify the causes of action accordingly, and the notice therein provided for is made specifically to apply to the class of actions designated as actions "for an injury to the person." It is very clear that it does not apply to any of the other classes designated in the statute. Therefore the question arises whether this action is one for an injury to the person within the meaning of the statute. An injury to the person means a bodily injury. *Gatzow v. Buening,* 106 Wis. 1, 81 N. W. 1003. The cause of action at bar is not one to recover damages for a bodily injury. True, it is contended that the damages claimed resulted in consequence of the bodily injury sustained by plaintiff's son, but the cause of action itself is not "for an injury to the person," but for loss of services and incidental expenses occasioned because of the personal injury sustained by the son. The plaintiff's cause of action, when viewed in the light of this statute, cannot be brought within the class denominated damages "for an injury to the person," because the damages claimed are not damages for an injury to the person. The damages which plaintiff may recover, in the action at bar, if he recover at all, are not damages for the personal injuries sustained by his son in consequence of the negligence of the defendant. These damages he does not claim, is not entitled to, and could not recover. They belong to a separate and distinct cause of action, and belong ·to the minor son himself. The cause of action to recover them is a different cause of action from the one at bar, and falls within the classification of causes of action for injury to the person, while the plaintiff's·cause of action falls within the

other provision of the statute, "an injury to the rights of another, not arising on contract." We think the plain import of the statute is to make the notice applicable only to cases of an injury to the person—that is, a bodily injury—where recovery of damages is sought for such injuries. The cause of action at bar plainly is not such an action. *Gibbs v. Larrabee,* 23 Wis. 495; *Wagner v. Lathers,* 26 Wis. 436; *Lehmann v. Farwell,* 95 Wis. 185, 70 N. W. 170.

Counsel for appellant relies upon the construction placed upon sec. 1339, Stats. 1898, by this court. This section is broad and general, and makes no classification of causes of action. The notice provided for under this section has reference to any person claiming damages. It applies to any action and any damages arising under the statute. Besides, the right of action under this statute is created by strict compliance with the statute, and the notice is required to be served in all cases before any right of action accrues, while the notice under subd. 5, sec. 4222, Stats. 1898, is only to be served in the one class of actions referred to, namely, actions "for an injury to the person," and is not a condition precedent to the cause of action, but a condition in the nature of a limitation upon a right existing at common law; the cause of action itself not being dependent upon the statute at all. *Daniels v. Racine,* 98 Wis. 649, 74 N. W. 553; *Meisenheimer v. Kellogg,* 106 Wis. 30, 81 N. W. 1033; *O'Donnell v. New London,* 113 Wis. 292, 89 N. W. 511; *Relyea v. Tomahawk P. & P. Co.* 102 Wis. 301, 78 N. W. 412. From the view we have taken of the case it becomes unnecessary to consider whether the service of the summons and complaint would have been sufficient notice.

*By the Court.*—The judgment of the court below is affirmed.