EDWARD YOUNG, BY MARGUERITE YOUNG, HIS NEXT FRIEND, APPELLANT, v. STERLING LEATHER WORKS, A CORPORATION, RESPONDENT.

Submitted July 9, 1917—Decided November 19, 1917.

1. The act entitled "An act prescribing the liability of an employer to make compensation for injuries received by an employe in the course of employment; establishing an elective schedule of compensation and regulating the procedure for the determination of liability and compensation thereunder" (*Pamph. L.* 1911, *p.* 134), embraces and expresses in its title but one object within the legal interpretation of that constitutional restriction.
2. Infancy is a personal privilege and an infant has no vested right in the disability which the common law has erected, as a barrier, against his making binding contracts during his infancy, to the extent that the legislature may not constitutionally remove such disability as to future contracts entered into by him.
3. The legislature has the power to change the age at which a minor is privileged to exercise legal rights which shall be binding upon him, and it may give him legal powers to act when he is sixteen or it may raise the age of majority, when he shall be entitled to perform certain legal acts.
4. The Workmen's Compensation act authorizes the employment of minors, and raises a statutory obligation by which the minor and employer are bound alike when the minor enters into the employment.

On appeal from the Supreme Court.

For the appellant, *John V. Laddey.*

For the respondent, *Kalisch & Kalisch* (*Isidor Kalisch,* of counsel).

The opinion of the court was delivered by

KALISCH, J. The plaintiff below, a minor, sued the defendant below, in the Supreme Court, to recover damages for injuries sustained by the former, while in the employment of the defendant, and through the defendant's negligence. Judg-

ment was entered for the defendant and from that judgment the plaintiff appeals to this court.

The written stipulation, entered into by counsel for the respective parties, as appears of record, embraces the facts which present the legal question for decision, the facts being, in substance, as follows:

Edward Young, the plaintiff, at the age of fifteen years, entered into the employment of the defendant, after the Workmen's Compensation act became effective. No notice was given to or by the plaintiff or by or to the parent or guardian of the plaintiff, to the effect that the provisions of section 2 of the Workmen's Compensation act were not intended to apply. The plaintiff's mother, his only parent, with whom he lived, knew of his working at the defendant's leather manufacturing plant. She saw some of his pay envelopes and saw him at the defendant's plant on one or two occasions. At the time the plaintiff sustained his injury he was sixteen years old. The accident arose out of and in the course of his employment. The accident was caused by the negligence of the defendant, in the absence of willful negligence on part of the plaintiff.

Counsel for respondent contends that upon the foregoing facts the plaintiff was precluded from bringing and maintaining his action at law against the defendant, but was required to proceed under section 2 of the Workmen's Compensation act, as directed by that act, in order to recover compensation for an injury received arising out of and in the course of his employment.

Counsel for the appellant contends, first, that the title of the Workmen's Compensation act is in violation of article 4, section 7, paragraph 4 of the constitution of New Jersey; second, that the act is unconstitutional, in so far as its provisions are attempted to be enforced against minors; third, that even though the act is constitutional, as to minors, the minor may disaffirm the statutory contract or obligation at will.

The general features of the act were impugned as unconstitutional, in *Sexton* v. *Newark District Tel. Co.*, 84 *N. J. L.*

85, in the Supreme Court, and there held to be constitutional, which judgment was affirmed by this court in 86 *Id.* 701.

The question as to the validity of the act because of infirmity in its title was not raised or decided in the Sexton case. The title of the act reads: "An act prescribing the liability of an employer to make compensation for injuries received by an employe in the course of employment; establishing an elective schedule of compensation and regulating the procedure for the determination of liability and compensation thereunder."

Counsel for appellant contends that the above title is violative of that clause of the constitution, declaring that "every law shall embrace but one object and that that shall be expressed in the title."

The basis of attack upon the validity of the title is, "that the act in question so far from prescribing the liability of an employer to make compensation for injuries received by an employe, in the case of a minor, seeks to bind him without any election on his part, which is not the object which the act designs to fulfill and is not expressed in the title."

This objection is wholly unsubstantial. There is no provision in the act which seeks to bind a minor without his election. The act prescribes how that election may be lawfully exercised, in the case of a minor. The term "employe," in the title of the act, includes minors as well as adults.

It is clear, therefore, that the subject of minor employes is germane to the general object of the act. It would be giving an absurd construction to the constitutional provision invoked to require that a mention of the design of each provision of an act constituting a constituent part of the whole, should appear in the title. This would not only lead to titles of confusing lengths, but also to useless repetitions. On this topic (*In re Haynes,* 54 *N. J. L.* 6), Chief Justice Beasley (on *p.* 24) said: "It has always been held that these statutory titles, with regard to their construction, are to be liberally treated, so as to validate the law to which they appertain if such course be reasonably practicable. In such a connection hypercriticism is utterly out of place, the only requirement

being that the title of the statute shall express its object in a general way so as to be intelligible to the ordinary reader."

And in *Quigley* v. *Lehigh Valley Railroad Co.,* 80 *N. J. L.* 486, Chief Justice Gummere, speaking for the Supreme Court (on *p.* 490) says: "It is not necessary that the particular cases to which the act is entitled to apply should be set out in the title. The constitutional provision only requires that the title of the statute shall express its object in a general way, so as to be intelligible to the ordinary reader, not that it shall be an index or abstract of the contents thereof." And (on *p.* 492) he says: "Matters which are not foreign to the object of a statute, but are manifestly cognate to it, need not be expressly mentioned in the title." *Warner* v. *Hoagland,* 51 *Id.* 62; *Boorum* v. *Connelly,* 66 *Id.* 197.

Counsel for appellant further contends that paragraph 9 of section 2 of the act is unconstitutional, in that the measure of protection accorded by the act to adults is denied to minors.

Paragraph 9 reads: "Every contract of hiring made subsequent to the time provided for this act to take effect.shall be presumed to have been made with reference to the provisions of section 2 of this act, and unless there be as a part of such contract an express statement in writing, prior to any accident either in the contract itself or by written notice from either party to the other, that the provisions of section 2 of this act are not intended to apply, then it shall be presumed that the parties have accepted the provisions of section 2 of this act and have agreed to be bound thereby. In the employment of minors, section 2 shall be presumed to apply unless the notice be given by or to the parent or guardian of the minor."

Upon this situation counsel for appellant constructs an argument to this effect: Although the adult may elect as to whether he will work under the provision of section 1 or section 2 of the act, the minor is bound by section 2 of the act through no election or other act or fault of his own, since it is the parent or guardian who is exclusively entitled under the act to give notice that section 2 shall not apply, and as

such parent or guardian may designedly and without regard to the minor's interest, or through ignorance, indifference or venality fail to give that notice, hence it is a denial to the minor of the equal protection of the laws and the denial of a property right and a right of liberty in violation of the fourteenth amendment of the constitution of the United States.

The fallacy of this argument consists in the assumption that the disability of an infant to enter into a binding contract is a property right, and, hence, such disability cannot constitutionally be interfered with by legislation. This assumption is, obviously, unwarranted. Infancy is a personal privilege. *Bordentown* v. *Wallace,* 50 *N. J. L.* 13.

An infant has no vested right in the disability, which the common law has erected as a barrier against his making binding contracts, during his infancy, to the extent that the legislature may not constitutionally remove such disability as to future contracts entered into by him.

An infant at common law never possessed the power to exercise the same legal rights as an adult. To protect the infant against being bound by contracts which were not for his benefit and against imposition, the law required that until he reached the age of twenty-one years his contractual acts, in order to be binding upon him, must have the consent of parent or guardian. So, at common law, the infant could only enter into a contractual relation binding upon him, by his parent or guardian. And this legal rule still prevails.

In *Bordentown* v. *Wallace, supra,* Mr. Justice Scudder, speaking for the Supreme Court (on *p.* 14), says: *"Co. Litt.* 172d, gives the rule of an infant's general liability as follows: 'An infant may bind himself to pay for his necessary meat, drink, apparel, necessary physicke and such other necessaries, and likewise for his good teaching or instruction, whereby he may profit himself afterwards, but if he bind himself in an obligation or other writing with a penalty, for the payment of any of these, that the obligation shall not bind him.' " He adds: "And generally whatsoever an infant is bound to do by law, the same shall bind him, albeit he doth it without suit at law."

So, it appears that at common law an infant could only legally bind himself by a contract which was for his benefit; and that obligations imposed by statute upon an infant were binding.

But even if this were otherwise, there is no constitutional provision in the way of the legislature to deal with the disabilities of infancy, as it, in its legislative wisdom or judgment, may see fit.

Accordingly, the legislature has the power to change the age at which a minor is privileged to exercise legal rights which shall be binding upon him. It may give him legal power to act when he is sixteen or it may raise the age of majority, when he shall be entitled to perform certain legal acts. As has already been pointed out, a minor at common law never had the same legal privileges as those of an adult, and could only legally act by his parent or guardian. The parent is still entitled to the minor's services and wages until the latter attains the age of twenty-one, unless he is sooner emancipated.

The Workmen's Compensation act authorizes the employment of minors and raises a statutory obligation by which the minor and employer are bound alike when the minor enters into the employment.

The provision of section 2, that in the case of a minor the notice shall be given by or to the parent or guardian of the minor if the provisions of that section are not intended to apply, is clearly for the benefit of the minor. The legislative intent is to safeguard the minor's interest and to protect him against his immature act or judgment. And this was clearly within legislative authority. It is, in fact, declaratory of the common law doctrine relating to transactions with infants.

The suggestion of counsel for appellant that a parent or guardian may act adversely to the minor's interests, and thereby deprive him of a vested right, is without force, because it is manifest that the failure of the parent or guardian to perform properly the duties which spring from that relationship cannot effect the validity of the statutory provision. Moreover, if the parent or guardian fails to properly per-

form the duty required of him, the minor may apply to the court for redress.

The statute having sanctioned the employment of minors and prescribed under what conditions such employment shall be considered to be under section 2 of the act, it follows, as a logical sequence, that it does not lie within the power of the minor to disaffirm such a contract or employment and the obligations springing therefrom.

Furthermore, it is to be borne in mind that the act we are considering is one of social insurance and is a complete institution created by the legislature in the interest of employer and employe. It seeks to regulate, under certain conditions, contracts of hiring entered into in this state, and to make such contracts binding upon adult and minor alike.

The legislature had the clear right to determine the incidents of such relationship under the statutory contract or obligation. This it has done.

It was, therefore, within the legislative power to give legal effect to the election of the parties to the statutory contract or obligation. Where such election is made, under the provisions of the act, and the employe meets with an accident arising out of and in the course of his employment, then, by force of the statutory agreement, compensation is to be made under section 2 of the act. as fixed by the schedule, in lieu of any common law right of action for damages. *Sexton* v. *Newark District Tel. Co., supra.*

The judgment will be affirmed, with costs.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, GARRISON, SWAYZE, TRENCHARD, PARKER, BERGEN, MINTURN, KALISCH, BLACK, WHITE, HEPPENHEIMER, WILLIAMS, JJ. 13.

*For reversal*—None.