Shovers, Appellant, vs. Hahn, Respondent.

*October 12—November 8, 1922.*

*Parent and child: Injury to child: Action for parents' loss of services: Malpractice: Notice of injury.*

Sub. (5), sec. 4222, Stats., requiring service of notice of personal injuries within two years as a condition to plaintiff's right to maintain an action to recover damages for such injuries, applies to an action by a father for loss of services resulting from an injury sustained by a minor child through defendant's malpractice. *Wysocki v. Wisconsin Lakes I. & C. Co.* 125 Wis. 638, so far as it relates to the giving of notice of injury, reversed. Crownhart, Eschweiler, and Doerfler, JJ., do not concur in the overruling of the *Wysocki Case.*

APPEAL from a judgment of the municipal court of Racine county: E. R. BURGESS, Judge.    *Affirmed.*

Action to recover damages for loss of services of plaintiff's daughter alleged to have resulted from the failure of the defendant to treat the daughter's eyes when born with a one per cent. solution of nitrate of silver as required by sec. 1409a—1, Stats.    The daughter was born December 7, 1918, and this action was begun in September, 1921.    No notice of injury was served before the commencement of the action.    At the close of plaintiff's testimony the court granted a motion for a nonsuit on the ground that the statutes of limitation had run on the cause of action, and also on the ground that plaintiff's evidence failed to show that the injury to the daughter's eye was due to the defendant's failure to administer the nitrate of silver solution. From a judgment entered accordingly the plaintiff appealed.

*Leonard P. Baumblatt* of Racine, for the appellant.

For the respondent there was a brief by *Storms & Foley,* attorneys, and *Jerome J. Foley,* of counsel, all of Racine, and oral argument by *Jerome J. Foley.*

VINJE, C. J.    It was established in the case of *Frechette v. Ravn,* 145 Wis. 589, 130 N. W. 453, that in an action by the person injured for malpractice founded on tort the notice required by sub. (5), sec. 4222, Stats., was necessary because it was an action for an injury to the person; and in *Klingbeil v. Saucerman,* 165 Wis. 60, 160 N. W. 1051, it was held that the notice mentioned was necessary in an action by the person injured for malpractice founded on contract.    It is therefore settled that were this an action by the person injured it could not be maintained without the notice.

It is claimed by plaintiff that since this is an action by the father for loss of service it is not an action for injury to the person, and the case of *Wysocki v. Wis. Lakes I. & C. Co.* 125 Wis. 638, 104 N. W. 707, is relied upon to sustain

the claim, and the case squarely sustains it. That case was brought by the father for loss of service, medical expenses, and nursing caused by a personal injury to his minor son, and the court held that no notice was necessary because it was not an action to recover damages for injuries to the person but to recover for loss of service, etc.

The defendant calls our attention to the case of *Wightman v. Devere*, 33 Wis. 570, where it was held that a justice of the peace had jurisdiction of an action by a wife to recover damages sustained by her because the defendant sold her husband intoxicating liquors resulting in a bodily injury to him. The question of jurisdiction turned on whether or not the action was one for "injuries to persons," and it was held to be such an action though brought by the wife of the injured person. The court said: "But the words 'actions for injuries to persons' must, we suppose, be understood to relate to injuries to relative rights as well as an invasion of absolute personal rights." The fault in the reasoning of the court in the *Wysocki Case* is that actions are classified not on the basis of the delict or breach of duty but on the basis of the kind of damages recoverable. Now an injured minor may recover several kinds of damages. He may recover for pain and suffering; for disfigurement; for the shame and humiliation caused thereby; for loss of earning capacity after minority, and perhaps punitory damages; but he has but one cause of action, namely, for personal injury. If the rights of others are invaded the action is none the less one for a personal injury. As the Massachusetts court has aptly said:

"The language of the statute is not restricted to actions for injuries to the person of the plaintiff, and we think it is broad enough to include all actions of tort founded on injuries to the person of any one in such relations to the plaintiff that the injury causes him damage. There is nothing in the context to indicate that the words are used in a narrow sense or that the actions referred to are only those brought by the person receiving the physical impact.

The word 'for' is used in its ordinary signification of 'on account of,' 'because or by means of,' or "growing out of.'" *Mulvey v. Boston*, 197 Mass. 178, 83 N. E. 402, and cases cited.

This applies equally well to the language of our statute. It provides that the party *damaged,* not necessarily the party *injured,* shall give notice. It is the delict or breach of duty that characterizes the action, and not the kind of damages recovered. Thus, a father whose minor daughter has been seduced may maintain an action for *seduction* though his damages are based upon the loss of her services.

It was the legislative intent to give a person guilty of a personal injury to another timely notice that damages were claimed therefor, to the end that he might protect his interests by seasonably gathering and preserving the requisite evidence available. *Malloy v. C. & N. W. R. Co.* 109 Wis. 29, 85 N. W. 130. Under the construction given the statute in the *Wysocki Case* a minor might receive an injury not serious as far as his cause of action was concerned but quite serious as to the father's cause of action. The minor had to give the notice (*Hoffmann v. Milwaukee E. R. & L. Co.* 127 Wis. 76, 106 N. W. 808), but the father did not. So if the minor was instantly killed no notice was required of the father to maintain his action for the serious resulting loss. The case of *Wysocki v. Wis. Lakes I. & C. Co.* 125 Wis. 638, 104 N. W. 707, so far as it relates to the giving of notice of injury, is reversed. This is done to give full scope to the legislative intent, preserve a logical classification of actions, and bring us in line with decisions in other states.

We do this the more readily now because we are all agreed that plaintiff has no cause of action because the evidence is so vague and uncertain that no verdict based upon the theory that the injury to the daughter's eye was the result of the failure of the doctor to administer the nitrate of silver

solution can stand.  It would be a pure guess, and contrary to the reasonable probabilities shown by the evidence, to wit, that her eyes were diseased before birth and that no treatment would have availed.

*By the Court.*—Judgment affirmed.

CROWNHART, J. (*dissenting*).  I concur in the result. However, I cannot agree that the *Wysocki Case,* 125 Wis. 638, 104 N. W. 707, be overruled at this time.  While such ruling works no injustice in this case, we have no means of knowing how many other existing causes of action may be affected by it.  Attorneys have had the right to rely on the rule laid down in that case and to advise their clients accordingly.  The *Wysocki Case* was decided more than sixteen years ago.  The legislature has had ample opportunity to amend the statute if there was any good reason for it.  It must be assumed that the people of the state have concurred in the construction of the statute as there declared.  The legislature could change that construction by making a statute apply only to causes of action arising after the passage of the act, and thereby preserve the rights of parties gained in reliance thereon.  This the courts cannot do.  That is a customary practice in similar cases.  I think the changing of the rule laid down in the *Wysocki Case* should be left to the legislature.  Till such action of the legislature it should be held *stare decisis.*

As was said in *Eau Claire Nat. Bank v. Benson,* 106 Wis. 624, 627, 82 N. W. 604:

"When such construction has once been given to a law and finally established as a part thereof, it is as much a part of it as if embodied therein in plain and unmistakable language.  *State ex rel. Heiden v. Ryan,* 99 Wis. 123, 74 N. W. 544.  When that situation exists it is the province of the legislature alone to change the law.  The court should not attempt it, whatever may be the notions of judges as to what the law ought to be.  No matter what the situation

may appear to be, as to the unjust operation of a law, courts should not struggle to change it as it has been understood to exist and has been plainly written into its decisions for years."

ESCHWEILER and DOERFLER, JJ.   We concur in the fore-going dissent.