GUSE, Appellant, vs. A. O. SMITH CORPORATION, Respondent.

*December 5, 1951—January 8, 1952.*

For the appellant there were briefs by *Lecher, Michael, Spohn, Best & Friedrich,* attorneys, and *Herman E. Fried-*

*rich* and *Roy C. La Budde* of counsel, all of Milwaukee, and oral argument by *Mr. Herman E. Friedrich* and *Mr. La Budde.*

For the respondent there was a brief by *Quarles, Spence & Quarles* and *Porter, McIntyre, Johnson & Cutler,* attorneys, and *Kenneth P. Grubb, James D. Porter, Edmund W. Powell,* and *James N. Johnson* of counsel, all of Milwaukee, and oral argument by *Mr. Grubb* and *Mr. James N. Johnson.*

FRITZ, C. J. It is undisputed that plaintiff's wife was employed by defendant and in the course of her employment she was injured on May 9, 1944, through negligence of the defendant's employees; and that she suffered a broken back and a severed spinal cord, causing permanent and total paralysis of her body from that point downward. Defendant and its workmen's compensation insurer are paying workmen's compensation benefits to her or for her benefit as provided in ch. 102, Stats.,— the Workmen's Compensation Act (hereinafter called the "act")—including medical, surgical, hospital, and nursing expenses and indemnities; and they have paid an aggregate of $56,837.46 under the act.

Plaintiff contends that the act has not extinguished an action for loss of consortium by the husband of an injured employee; that the husband's cause of action alleged in his complaint is separate and distinct from the wife's action for her personal injury and is not derived from his wife's cause of action, and therefore it is immaterial that the defendant is the employer of his wife under the act; and that the act does not constitute the exclusive remedy of employees or other beneficiaries who are entitled to pursue that remedy, and does not affect rights of third parties in a separate action against the employer.

The only section in the act directly involved in this case is sec. 102.03, Stats., and particularly sub. (2) thereof,

which provides: "Where such conditions [defining compensable injury] exist the *right to the recovery of compensation pursuant to the provisions of this chapter shall be the exclusive remedy against the employer.*"

That provision does not state that the remedy under the act is exclusive against an employer with respect to *merely* the claims of an employee, nor with respect to *merely* the claims of any particular class of persons. The act from the time of its enactment as ch. 50, Laws of 1911, until its revision in 1931, definitely negated any such construction by virtue of the express provision of the original enactment in sec. 2394–4, Stats. 1911, to wit:

"Liability for the compensation hereinafter provided for, *in lieu of any other liability whatsoever,* shall exist against an employer for any personal injury accidentally sustained by his employee, and for his death, . . ."

That language was deleted by a revisor's bill, ch. 403, Laws of 1931. However, the revisor's note in 1931, appended as a footnote to sec. 102.01, Stats. 1933, states:

"This revision of chapter 102 of the statutes is for the purpose of clarifying and simplifying the language, improving the arrangement, omitting unnecessary words, repealing expressly provisions which have been impliedly repealed by later enactments, and facilitating the finding and citing its various provisions. *The meaning of the chapter remains the same as before. It is the intention to change the verbiage without changing the law.*"

Consequently, the act continues to have the legal effect of sec. 2394–4, Stats. 1911, notwithstanding the 1931 revision, because revisions of statutes do not change their meaning unless the intent to change the meaning necessarily and irresistibly follows from the changed language. *State v. Maas,* 246 Wis. 159, 16 N. W. (2d) 406; *City of Milwaukee v. Milwaukee County,* 236 Wis. 7, 294 N. W. 51.

In enacting the act, the legislature intended to impose upon employers an absolute liability, regardless of fault; and in

return for this burden, intended to grant employers immunity from all tort liability on account of injuries to employees.

In *Borgnis v. Falk Co.* 147 Wis. 327, 337, 354, 133 N. W. 209, the court, in November, 1911, stated of the then recent enactment:

"The legislature, in response to a public sentiment which cannot be mistaken, has passed a law which attempts to solve certain very pressing problems which have arisen out of the changed industrial conditions of our time. *It has endeavored by this law to provide a way by which employer and employed may . . . escape entirely from that very troublesome and economically absurd luxury known as personal injury litigation, and resort to a system by which every employee . . . may receive at once a reasonable recompense for injuries accidentally received in his employment under certain fixed rules, without a lawsuit and without friction. . . .*

*". . . the . . . employer . . . can never be mulcted in heavy damages, and will know whenever an employee is injured practically just what must be paid for the injury. Surely this is a different situation from the situation of the man who is liable to be brought into court by an injured employee at any time and obliged to defend common-law actions upon heavy claims unliquidated in their character, the outcome of which actions none can foretell."*

In *Anderson v. Miller Scrap Iron Co.* 169 Wis. 106, 110, 114, 115, 170 N. W. 275, 171 N. W. 935, the court stated:

"It is true that the liability of the employer at common law was that of a wrongdoer and therefore tortious in its nature. . . . It does not necessarily follow, however, that the principles applicable to torts should be applied to the liabilities of the employer under the act. . . .

"The liability of the employer under the Workmen's Compensation Act is not only one of an entirely different nature, but it is based upon a wholly different economic theory. . . .

"The liability of the employer under the act is not tortious and is not contractual in the sense that it should be consid-

ered as a covenant or part of the contract, but it is purely statutory. . . .

"By the law of this state, when an employer enters into a contract with an employee, both being within its terms, in the event of injury to the employee the employer becomes liable therefor in the manner and to the extent prescribed by the Workmen's Compensation Act, *and he has no other or different liability. The right of the employee to recover the compensation provided for by the act is exclusive of all other remedies against the employer for any injury which the employee may sustain,* and in the event of his death the same limitation applies to his personal representatives."

Likewise in *Knoll v. Shaler,* 180 Wis. 66, 69, 192 N. W. 399, the court stated:

"By legislative declaration there has been grafted on the relation of employer and employee, under the circumstances prescribed by statute [sec. 2394–3; in 1943, secs. 102.03 (1) and 102.03 (2), Stats. 1943], *certain rights and liabilities in case of accidental injury to the employee.* As has been many times stated, *this is a substitute for the liability of the employer at common law.* . . . It seems clear, therefore, that when the legislature provided by sec. 2394–3 *that the compensation under the act 'shall be the exclusive remedy against the employer for such injury, or death,' it was intended to include and did include all injuries for which the employer might be liable at common law by reason of his failure to exercise ordinary care or comply with valid statutory requirements relating to the conditions of employment as well as those resulting from pure accident or negligence of the employee or a fellow servant.*"

Thus this court has consistently construed the act as substituting an employer's statutory liability and *has upheld the employer's immunity from all tort liability granted by the act; and has repeatedly refused to permit that immunity to be impaired or circumvented.*

In *Deluhery v. Sisters of St. Mary,* 244 Wis. 254, 256, 257, 12 N. W. (2d) 49, the father of a minor daughter who was injured in the course of her employment brought an

action to recover from her employer expenses incurred by the father for medical attention, hospitalization, and nursing, and he contended that he had a common-law right which was not barred by sec. 102.03 (2) of the Workmen's Compensation Act. The court found that the minor and the defendant were employee and employer subject to the act, and in referring to sec. 102.03 (2), the court stated:

"Under this language the only liability of the defendant to the minor employee was to compensate her under the terms of the act. . . .

"Under the language of our act we interpret that act as necessarily implying that the father's common-law right to recover from a tort-feasor the expense of the care of injuries inflicted by the tort-feasor on his minor child does not exist where the relation of employer and employee exists between the defendant and the child and they are both under the compensation act."

In *Saxhaug v. Forsyth Leather Co.* 252 Wis. 376, 382, 31 N. W. (2d) 589, the court held that under the Workmen's Compensation Act an employer could not be a tort-feasor as to a deceased employee; and, therefore the employer could not bear any tort liability to the employee's widow *for loss of consortium.* She had received benefits under the act, and subsequently brought an action based on the safe-place statute against the lessor of her deceased husband's employer for pecuniary damages and loss of society under the Wrongful Death Act. The husband's employer had been given a release of liability by the wife and the defendant-lessor sought to invoke the rule that a release given to one tort-feasor releases all tort-feasors and is a bar to an action against any tort-feasor not named in the release. This court held that there had been no basis for liability in tort against the employer, but that the wife could recover against the defendant-lessor. The court stated:

"On the one hand there is the fact that the safe-place statute, sec. 101.06, Stats. 1941, imposes an absolute duty

upon the owner of the building, as well as the employer, of furnishing a place as safe as the nature of the employment will reasonably permit. [Citing cases.] *But* on the other hand *there is the statutory provision of the Workmen's Compensation Law which specifically limits the liability of the employer.* Sec. 102.03 (2), Stats. 1941, provides, *'Where such conditions exist the right to the recovery of compensation pursuant to the provisions of this chapter shall be the exclusive remedy against the employer.'*

"It is thus clear that the *employer's exclusive liability is for compensation under the Workmen's Compensation Act.* His failure to maintain or meet certain safety standards could only increase the amount of workmen's compensation to be paid, as prescribed by sec. 102.57, Stats. 1941. *It could not create a tort liability.* Typical of the language used by this court in other cases in which the provisions relieving the employer of any other liability has been applied is that in *Buggs v. Wolff* (1930), 201 Wis. 533, 536, 230 N. W. 621, and in *Clark v. Chicago, M., St. P. & P. R. Co.* (1934), 214 Wis. 295, 304, 252 N. W. 685. In the *Buggs Case* it was said, 'It will be seen that Buggs having been subjected to the liability of the compensation act, such liability was in lieu of any other liability whatsoever.' In the *Clark Case* the court said, 'The telephone company sustained no tort liability to its workmen or to their dependents by reason of its employees' negligence.' "

Likewise in *Vick v. Brown,* 255 Wis. 147, 153, 38 N. W. (2d) 716, we held that the liability of an employer for injury sustained by an employee in the course of his employment "is solely under the Workmen's Compensation Law. There is no liability in tort." See also *Heist v. Wisconsin-Minnesota L. & P. Co.* 172 Wis. 393, 179 N. W. 583.

The decisions in other jurisdictions are in conflict as to whether, when a husband or a wife is injured, and is entitled as an employee to compensation under a Workmen's Compensation Law, the other spouse can maintain an action against the employer for loss of consortium as the result of the injury.

In *Danek v. Hommer,* 14 N. J. S. 607, 82 Atl. (2d) 659, the plaintiff husband without the joinder of his wife, sued *per quod* for loss of consortium due to injuries which she received while in the defendant's employ. The court held that the husband could not recover damages for the loss. In the opinion there is a review of the decisions in other jurisdictions in relation to the problem presented in the case at bar. The court stated (82 Atl. (2d) 661) :

"To evidence further the viewpoint of our courts that it was the intention of the New Jersey legislature, in adopting the Workmen's Compensation Act, to enact a complete substitute for these previous unsatisfactory remedies in tort on the part of the employee and those connected with him, we have but to note the case of *Grogutis v. Waclark Wire Works,* 86 N. J. L. 610, 92 A. 354, 356 (E. & A. 1914), where our highest court held that the Workmen's Compensation Act, where applicable, was a complete substitute for all recoveries in such cases under the Death Act, R. S. 2 :47–1 *et seq.,* N. J. S. A., and to that extent wiped out such act. . . .

"In that case the court of errors and appeals said, as to article 2 of the Workmen's Compensation Act: 'The damages to be paid by the employer in case of death are *limited by that act and an action cannot be maintained in disregard of that act. . . .* The scheme of the act is to give compensation in lieu of damages to certain dependents and not to next of kin as such . . . the power of the legislature to give or withhold a right of action in such case, and to declare to whom and in what amount compensation shall be made, cannot be doubted.' Next came the case of *Young v. Sterling Leather Works,* 91 N. J. L. 289, 102 A. 395 (E. & A. 1917). In that case the court had the following to say as to its viewpoint that article 2 of the Workmen's Compensation Act was a complete substitute for the previous common-law rights of recovery. 'It is to be borne in mind that the act we are considering is one of social insurance and is a complete institution created by the legislature in the interest of employer and employee. . . . The legislature had the clear right to determine the incidents of such relationship under the statutory contract or obligation. This it has done . . .

by force of the statutory agreement, compensation is to be made under section 2 of the act, as fixed by the schedule, *in lieu of any common-law right of action for damages.'* 91 N. J. L. at page 295, 102 A. at page 397.

"... In *Miller v. National Chair Co.* 127 N. J. L. 414, 22 A. (2d) 804, 808 (Sup. Ct. 1941); affirmed 129 N. J. L. 98, 28 A. (2d) 125 (E. & A. 1942), the court restates the same doctrine as follows: 'The declared policy of article 2 is to preclude any other recovery or measure of compensation in cases ruled by its terms.' In that case our highest court quotes from the decision of the United States supreme court in *Bradford Electric Light Co. v. Clapper,* 286 U. S. 145, 52 S. Ct. 571, 576, 76 L. Ed. 1026. . . . Obviously, the husband's common-law action *per quod* in tort does not comprise 'a liability which is limited and determinate.' Thus, the United States supreme court joins with our New Jersey courts in their viewpoint that the compensation provisions of the Workmen's Compensation Act are intended to be a complete substitute for previous common-law proceedings for all concerned. Indeed, in *Burns v. Vilardo,* 60 A. (2d) 94, 26 N. J. Misc. 277 (Sup. Ct. 1948), it was expressly held that where a wife had recovered a compensation award, as here, she could not sue in tort thereafter, nor could her husband sue *per quod,* as here."

In support of plaintiff's contention that he is entitled to recover damages for loss of consortium he relies upon cases in some jurisdictions to that effect, including *Hitaffer v. Argonne Co., Inc.* (D. C.), 183 Fed. (2d) 811. As to the decision in that case it should be noted that as stated in *Danek v. Hommer, supra,* the *Hitaffer Case* deals not with solely the Workmen's Compensation Act—as enacted, interpreted, and applied for over thirty years in New Jersey—and likewise Wisconsin—but deals also with the federal Longshoremen's and Harbor Workers' Compensation Act, 44 Stats. at L., p. 1424 *et seq.,* 33 USCA, sec. 901 *et seq.,* the terms of which differ from the provisions of the New Jersey and the Wisconsin Workmen's Compensation Acts. Moreover the authorities relied upon by the court in the

*Hitaffer* opinion (*Rich v. United States* (D. C.), 177 Fed. (2d) 688, and *The Tampico* (D. C. N. Y.), 45 Fed. Supp. 174) were cases which held that an employer had a continuing tort liability under the Longshoremen's and Harbor Workers' Compensation Act. Such a doctrine is inimical to the Wisconsin Workmen's Compensation Act, *Buggs v. Wolff,* 201 Wis. 533, 230 N. W. 621, and to the great majority of other state compensation acts. Anno. 156 A. L. R. 468, citing the *Buggs* decision as a leading case in those jurisdictions adopting the general rule.

As a second defense, defendant alleged that no notice in writing was served on defendant and this action was not brought or a complaint served on defendant within two years after the date of the accident which caused the alleged damages, as required by sec. 330.19 (5), Stats., which provides that "no action to recover damages *for an injury to the person* shall be maintained unless, within two years after the happening of the event causing damages, notice in writing, signed by the party damaged, . . . shall be served upon the person or corporation by whom it is claimed such damage was caused. . . ." Defendant contends that because of plaintiff's failure in that respect, his alleged cause of action has become barred and cannot be maintained. Plaintiff contends that the word "person" in sec. 330.19 (5), Stats., cannot be construed to include the concept of consortium, and that the precise question on this appeal is whether plaintiff's action for loss of his wife's consortium is included in the description "an action . ... for an injury to the person," under sec. 330.19 (5), Stats. 1949.

Plaintiff's contention cannot be sustained. In *Shovers v. Hahn,* 178 Wis. 615, 190 N. W. 432, a father sued to recover damages for loss of services resulting from an injury sustained by his minor child through defendant's malpractice. Defendant contended that sec. 4222 (5), Stats. 1921 (now sec. 330.19 (5), Stats.), requiring service of notice

of personal injury within two years was applicable as a condition to plaintiff's right to maintain an action to recover damages for such injury. The court expressly overruled the case of *Wysocki v. Wisconsin Lakes I. & C. Co.* 125 Wis. 638, 104 N. W. 707. VINJE, C. J., stated (178 Wis. 617):

"The fault in the reasoning of the court in the *Wysocki Case* is that actions are classified not on the basis of the delict or breach of duty but on the basis of the kind of damages recoverable. Now an injured minor may recover several kinds of damages. He may recover for pain and suffering; for disfigurement; for the shame and humiliation caused thereby; for loss of earning capacity after minority, and perhaps punitory damages; but he has but one cause of action, namely, for personal injury. If the rights of others are invaded the action is none the less one for a personal injury. As the Massachusetts court has aptly said:

" 'The language of the statute is not restricted to actions for injuries to the person of the plaintiff, and we think it is broad enough to include all actions of tort founded on injuries to the person of any one in such relations to the plaintiff that the injury causes him damage. There is nothing in the context to indicate that the words are used in a narrow sense or that the actions referred to are only those brought by the person receiving the physical impact. . . .'

"This applies equally well to the language of our statute. It provides that the party *damaged,* not necessarily the party *injured,* shall give notice. It is the delict or breach of duty that characterizes the action, and not the kind of damages recovered. . . .

"The case of *Wysocki v. Wis. Lakes I. & C. Co.* . . . so far as it relates to the giving of notice of injury, is reversed. This is done to give full scope to the legislative intent, preserve a logical classification of actions, and bring us in line with decisions in other states."

Consequently, plaintiff's alleged cause of action cannot be maintained because of his failure to serve the notice required by sec. 330.19 (5), Stats.

*By the Court.*—Judgment affirmed.