YLEN and wife, Appellants, vs. MUTUAL SERVICE CASUALTY INSURANCE COMPANY, Respondent.

*February 3—March 3, 1953.*

For the appellants there was a brief by *Raineri & Raineri* of Hurley, *Lehner & Lehner, Adolph P. Lehner, Howard N. Lehner,* and *Eugene E. Behling,* all of Oconto Falls, and oral argument by *Howard N. Lehner.*

For the respondent there was a brief by *Clarence V. Olson* of Ashland, and *Toebaas, Hart, Kraege & Jackman* of Madison, and oral argument by *Lawrence E. Hart* and by *Arthur V. Biggs* of Madison.

GEHL, J.   The facts here recited are undisputed.   In fact, they appear from the affidavit of plaintiffs' attorney submitted in opposition to defendant's motion for summary judgment. It is therefore unnecessary for us to consider the question whether the affidavit of defendant's attorney is based solely upon hearsay and therefore inadequate to support its motion.

The action was commenced on January 8, 1952, by George and Hilia Ylen to recover damages sustained by them on account of injuries sustained by their infant daughter, Rachel, on November 1, 1948, as the result of being struck by an automobile owned and operated by defendant's assured.   The defendant moved for summary judgment upon the ground of failure to give the notice required by the provisions of sec. 330.19 (5), Stats., which are as follows:

". . . No action to recover damages for an injury to the person shall be maintained unless, within two years after the happening of the event causing such damages, notice in writing, signed by the party damaged, his agent or attorney, shall be served upon the person or corporation by whom it is claimed such damage was caused, . . . When an action shall be brought and a complaint actually served within two years after the happening of the event causing such damages, the notice herein provided for need not be served."

It is alleged in the affidavit of plaintiffs' attorney that:

". . . each and every provision and requirement of section 330.19 (5) of the Wisconsin statutes have been fully met by the plaintiffs, as more fully appears from the 'summons and complaint' hereto attached marked 'Exhibit A' and made a part of this affidavit by reference."

Exhibit "A" is a copy of a summons and complaint served on February 1, 1950, in an action brought on behalf of the daughter in the district court of the United States for the Western district of Wisconsin against this defendant for the recovery of the damages sustained by her as the result of the same accident. It is not contended that any other notice of injury was ever served by these plaintiffs. It is contended that the complaint in the action brought on behalf of the daughter in the federal court is sufficient for compliance with the provisions of the statute.

The contention fails for three reasons: (1) If it might be considered as notice it is not signed by the parties now seeking to recover; (2) it was served upon the insurer and not upon the person by whom it is claimed the damage was caused, and (3) it is really offered as a substitute for the statutory notice as was attempted in several cases referred to in *Ullman v. Freye* (1953), ante, p. 199, 202, 56 N. W. (2d) 821. In that case, referring to a number of cases there cited, we said that, "in each case the plaintiff was urging that something else be substituted for the requirements of the statute" and held that therefore they are distinguishable in their facts from those existing in the *Ullman Case* and which required us to hold there that there had been compliance with the statute. The complaint in the daughter's action is not notice of claim for damages sustained by her parents.

Plaintiffs contend that if it be held that there was failure to comply with the statute they may nevertheless maintain this action because it is not an action to recover damages for an injury to the person; that this suit to recover expenses incurred by them in the treatment of their daughter is a separate and distinct cause of action and not one contemplated by the provisions of the statute, and cite *Wysocki v. Wisconsin Lakes I. & C. Co.* (1905), 125 Wis. 638, 104 N. W. 707. That case was expressly overruled in *Shovers v. Hahn* (1922), 178 Wis. 615, 190 N. W. 432, where it was un-

successfully contended that the statute is not applicable to an action brought by the parents of a minor daughter to recover damages for loss of her services alleged to have resulted from the failure of defendant properly to treat the daughter's eye. The court said (p. 617) :

"The fault in the reasoning of the court in the *Wysocki Case* is that actions are classified not on the basis of the delict or breach of duty but on the basis of the kind of damages recoverable. Now an injured minor may recover several kinds of damages. He may recover for pain and suffering; for disfigurement; for the shame and humiliation caused thereby; for loss of earning capacity after minority, and perhaps punitory damages; but he has but one cause of action, namely, for personal injury. *If the rights of others are invaded the action is none the less one for a personal injury.*"

And quoting from *Mulvey v. Boston* (1908), 197 Mass. 178, 180, 83 N. E. 402, said:

"The language of the statute is not restricted to actions for injuries to the person of the plaintiff, and we think it is broad enough to include all actions of tort founded on injuries to the person of any one in such relations to the plaintiff that the injury causes him damage. There is nothing in the context to indicate that the words are used in a narrow sense, or that the actions referred to are only those brought by the person receiving the physical impact. The word 'for' is used in its ordinary signification of 'on account of,' 'because or by means of,' or 'growing out of.' "

This court continues:

"*This applies equally well to the language of our statute. It provides that the party damaged, not necessarily the party injured, shall give notice.* It is the delict or breach of duty that characterizes the action, and not the kind of damages recovered."

The court held that the statute applies to the parents' action. To the same effect, see *Guse v. A. O. Smith Corp.*

(1952), 260 Wis. 403, 51 N. W. (2d) 24, an action brought by a husband to recover for loss of his wife's consortium.

The motion for summary judgment was properly granted.

*By the Court.*—Judgment affirmed.