58 N.J. Super. 440 (1959)
156 A.2d 481
WILLIAM RIZIO, PLAINTIFF-APPELLANT,
v.
GLOBE TRUCKING CO., A PARTNERSHIP, DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued November 24, 1959.
Decided December 17, 1959.
*441 Before Judges PRICE, GAULKIN and SULLIVAN.
Mr. Leon M. Rosen argued the cause for appellant (Messrs. Rosen & Kanov, attorneys).
Mr. Theodore W. Geiser argued the cause for respondent (Messrs. Shaw, Pindar, McElroy, Connell & Foley, attorneys).
The opinion of the court was delivered by SULLIVAN, J.A.D.
This appeal involves the question of whether or not defendant was plaintiff's employer at the time plaintiff suffered serious injuries as the result of being involved in an accident.
Plaintiff, a crane operator, lost an eye during the course of his employment when a cable on the crane snapped and lashed him across the face. He filed a claim under the Workmen's Compensation Act for his injuries against Frank Naples & Sons as his employer and received an award. This present action seeks damages in tort for the same injuries and charges that the crane was owned by Globe Trucking Co., the defendant herein, and was leased to *442 plaintiff's employer in an unsafe and defective condition, as the result of which an accident happened and plaintiff suffered serious injuries. Defendant filed an answer admitting ownership of the equipment, denied negligence, and said that plaintiff was its employee at the time of the accident, and having received a workmen's compensation award for his injuries, could not maintain this suit in tort against his employer.
At the trial plaintiff testified that when his union sent him to the job it told him he was working for Frank Naples & Sons. He stated that his bosses were Frank Naples, Sr., Frank Naples, Jr., and James Naples. He knew of the name Globe Trucking Co. and admitted that the crane which he operated had both the names Frank Naples & Sons and Globe Trucking Co. on it. He said that some of his pay checks were from Frank Naples & Sons, and others were from Globe Trucking Co. Plaintiff also testified to his accident and, without going into detail, it is sufficient to note that a jury question of negligence and liability on defendant's part was made out if this action be otherwise maintainable. It was undisputed that plaintiff made a claim under the Workmen's Compensation Act against Frank Naples & Sons for his injuries and received an award. It does not appear that the identity of the employer was an issue in the compensation case.
The legal theory on which plaintiff bases the present action is that Globe Trucking Co. and Frank Naples & Sons were two legal entities  two separate partnerships. Plaintiff therefore asserts the right to receive a workmen's compensation award for his injuries against one as his employer, and also to sue the other in tort as the owner of the crane, the defective condition of which allegedly caused these same injuries.
The defendant, in opposition to plaintiff's claim, proved these facts. Frank Naples had been in business for many years under the name of Globe Trucking Co. His equipment, which was financed, was registered under the same *443 name. In 1951 he brought his two sons, Frank, Jr. and James, into the business as partners, and on December 1, 1951 they executed a written partnership agreement which provided in part as follows:
"The said parties above named have agreed to become co-partners in business, and by these presents do agree to be co-partners together under or by the names or firm names of Frank Naples & Sons and Globe Trucking Co. with principal offices to be located at No. 1 Dawson Avenue, in the City and County of Passaic and State of New Jersey."
Thereafter two trade name certificates were filed in the County Clerk's office, one of which lists Frank Naples, Frank Naples, Jr. and James Naples as trading as Frank Naples & Sons, and the other lists the same persons as trading as Globe Trucking Co. The partnership, using both names, operated a single business from the one office.
Frank Naples, Sr. testified that originally the partnership had intended to use the family name and operate thereunder. It was ascertained however that the registration of the equipment could not be changed because of the financing. In addition, Globe Trucking Co. was an established name in the business and had considerable good will attached to it. These were the reasons why the partnership used both names.
The business had separate bank accounts for each name and, while it kept a single set of books, the entries under each name were kept separate. At the end of the month, however, the accounts were combined and posted as one balance in the general ledger. Defendant's accountant who testified to the foregoing from the partnership records also explained that all payroll records of the business were kept under the name Globe Trucking Co., that no employees were carried on the books as employees of Frank Naples & Sons, and that all employees, including plaintiff, were paid by check drawn on the Globe Trucking Co. bank account. It was shown that plaintiff received W-2 withholding tax statements, listing the amount of his wages and stating *444 that his employer was Globe Trucking Co. Social Security records and State Unemployment Compensation records were made out the same way. The partnership has always filed a single federal income tax return under the name Globe Trucking Co., which return included the entire business operations under both names.
At the conclusion of the defendant's case the trial judge, on defendant's motion, ruled "that fair-minded men of ordinary reason and judgment could not honestly differ with the conclusion based on all the evidence that the partnership was a single partnership entity lawfully using two business names and that said defendant was, in fact, the employer of the plaintiff at the time this accident happened." The court then applied the statutory rule that an injured employee whose employment is subject to the Workmen's Compensation Act may not sue his employer in tort for his injuries, but is limited to the remedy provided under the Workmen's Compensation Act. R.S. 34:15-8; Young v. Sterling Leather Works, 91 N.J.L. 289 (E. & A. 1917). Plaintiff's suit was thereupon dismissed.
On this appeal it is the contention of plaintiff that whether or not Globe Trucking Co. was plaintiff's employer was a question of fact which should have been submitted to the jury. We do not agree. The evidence clearly establishes that Frank Naples & Sons and Globe Trucking Co. are names used by a single partnership consisting of Frank Naples, Sr., Frank Naples, Jr., and James Naples, which partnership was plaintiff's employer. There was no proof to the contrary, so that there was nothing to submit to the jury. The deposition of Frank Naples, Sr. does not state, as plaintiff contends, that Antoinette Naples, the wife and mother respectively of the partners, was a member of Globe Trucking Co. Estoppel is not involved here since plaintiff does not assert that he was prejudiced or misled in any way by the partnership's use of two business names.
We find it unnecessary to decide whether or not plaintiff would have had a cause of action, even if he had established *445 that in fact there were two separate partnerships, each partnership having the same persons as members thereof. Mazzuchelli v. Silberberg, 29 N.J. 15 (1959).
Affirmed.