BULGRIN and another, Appellants, v. LIBERTY MUTUAL
INSURANCE COMPANY, Respondent.

*November 30, 1962—January 8, 1963.*

For the appellants there was a brief and oral argument by *John R. Brown* of Racine.

For the respondent there was a brief by *Wickham, Borgelt, Skogstad & Powell,* attorneys, and *Kurt H. Frauen* of counsel, and oral argument by *Mr. Frauen* and *Mr. Paul J. Schierl,* all of Milwaukee.

GORDON, J. The motion for summary judgment was properly granted. Mrs. Bulgrin did not comply with sec. 330.19 (5), Stats. 1953. That statute required that notice be served "upon the person or corporation by whom it is claimed such damage was caused." We are unable to find any reason to excuse her from complying with the terms of the statute. We are also unable to locate any expression of the legislature or statement by this court which would exculpate Mrs. Bulgrin from the duty of compliance.

While the legislature had previously amended this section of the statutes so as to remove the strict requirements concerning the contents of the notice (ch. 444, Laws of 1953), it in no manner altered the statutory mandate as to the party upon whom service was to be made. Similarly, although this court has broadened by interpretation the manner in which

the notice be given, it has not in any degree relaxed the requirement that the notice be directed to the party by whom it is claimed the damage was caused. See *Burmek v. Miller Brewing Co.* (1957), 2 Wis. (2d) 330, 336, 86 N. W. (2d) 629.

In our opinion, Anna Bulgrin was obliged to give notice to Joseph Ziemanski, the driver who had allegedly caused the injury. She failed to do so. In giving notice to Mr. Ziemanski's insurance carrier, she did not comply with the statute. In *Will v. Jessen* (1956), 273 Wis. 495, 498, 78 N. W. (2d) 905, this court stated:

"Service of a notice of injury on the Insurance Company was not a compliance with the statute, which requires service on 'the person or corporation by whom it is claimed such damage was caused.' *Ylen v. Mutual Service Casualty Ins. Co.* 263 Wis. 270, 272, 57 N. W. (2d) 391; *Ausen v. Moriarty,* 268 Wis. 167, 177, 67 N. W. (2d) 358."

In *Howrahan v. Brandt* (1960), 12 Wis. (2d) 27, 106 N. W. (2d) 335, the notice of injury was given to a husband rather than to his wife, in an effort to bring an action against his wife. We held that there had been no compliance with sec. 330.19 (5), Stats.; the notice was not given to the person causing the injury, and accordingly no action could be commenced against the wife after the two years had expired.

The appellants claim and the respondent concedes that it was error to have dismissed the cause of action of the plaintiff, Paul Bulgrin, for his property damages. The respondent has pointed out that their motion for summary judgment in the trial court expressly excluded Paul Bulgrin's cause of action for property damages. Nevertheless, an incorrect judgment was inadvertently entered insofar as it dismissed the claim of Paul Bulgrin for property damage. Under the circumstances, we consider it proper that each side pay its own costs in regard to this appeal.

*By the Court.*—Judgment reversed insofar as it dismisses the property damage claim of Paul Bulgrin. In all other respects, judgment affirmed. The parties shall pay their own costs in this court.

FAIRCHILD, J., dissents.