Melissa J. KORTH, a minor by David J. Lukas,
her guardian ad litem, Plaintiff,

Joseph KORTH and Eileen Korth, Plaintiffs-Appellants,

v.

AMERICAN FAMILY INSURANCE COMPANY, Charles Sopa,
Jr., Minnesota Mutual Fire & Casualty Company,
and Donald G. Smith and Kay L. Smith, Defendants-
Respondents.

Supreme Court

*No. 82-1030. Argued November 1, 1983.—*
*Decided November 30, 1983.*

(Also reported in 340 N.W.2d 494.)

For the plaintiffs-appellants there were briefs by *David J. Lukas, Edward F. Zappen, Jr.,* and *Lukas, Starr, Zappen & Huttenburg,* Wisconsin Rapids, and oral argument by *David J. Lukas* and *Edward F. Zappen, Jr.*

For the defendants-respondents, American Family Insurance Company and Charles Sopa, Jr., there was a brief by *John E. Shannon, Jr., Russell T. Golla* and *Anderson, Fisher, Shannon, O'Brien & Rice,* Stevens Point, and oral argument by *Mr. Golla.*

For the defendants-respondents, Minnesota Mutual Fire & Casualty Company, Donald G. Smith and Kay L. Smith, there was a brief by *Jerold A. Gilbert, Morgan L. Midthun* and *Crowns, Merklein, Midthun & Metcalf, S.C.,* Wisconsin Rapids, and oral argument by *Mr. Gilbert.*

SHIRLEY S. ABRAHAMSON, J. This appeal, on certification by the court of appeals, is from a judgment of the Circuit Court for Portage County, Frederic Fleishauer, Circuit Judge, dismissing the parents' claim for damages for medical expenses and loss of society and companionship arising from an injury received by their six-year-old daughter. We hold that since the parents' claim was filed along with the minor child's within the time period prescribed for filing the minor child's claim, the parents' claim was filed in a timely manner. Accord-

ingly, we reverse the judgment of the circuit court and remand the cause to the circuit court.

The facts alleged in the complaint are as follows: On May 27, 1978, six-year-old Melissa Korth, the daughter of Joseph and Eileen Korth, was bitten by a dog owned by Charles Sopa Jr. The attack occurred on property belonging to Donald and Kay Smith.

On August 20, 1981, approximately three years and three months after the dog bite incident, the date the parents' and the minor's causes of action accrued, the parents and the minor, by her guardian ad litem, commenced their combined action against Sopa, the Smiths, and their insurers. The minor claimed damages for her past and future pain and suffering and for a scar on her face. The parents claimed damages for their past and future medical bills and the loss of society and companionship of their daughter.

The defendants moved to dismiss the parents' claims on the ground that the parents' actions were commenced more than three years after the causes of action accrued and were therefore barred by sec. 893.54(1), the three-year statute of limitations.

Sec. 893.54(1), Stats. 1981–82, provides as follows:

"The following actions shall be commenced within 3 years or be barred:
"(1) An action to recover damages for injuries to the person. . . .

The defendants did not move to dismiss the minor's cause of action. It is undisputed that the minor's action was filed in a timely manner pursuant to sec. 893.18(2) (a)–(c), Stats. 1981–82.

Sec. 893.18(2), Stats. 1981–82, tolls the statute of limitations for a person under 18 until one year after the person's eighteenth birthday. It provides as follows:

"(2) If a person entitled to bring an action mentioned in this chapter, except actions for the recovery of a pen-

alty or forfeiture or against a sheriff or other officer for an escape, or for the recovery of real property or the possession thereof is, at the time the cause of action accrued, either

"(a) Within the age of 18 years, except for actions against health care providers; or

"(b) Insane; or

"(c) Imprisoned on a criminal charge or in execution under sentence of a criminal court for a term less than life, the time of such disability is not a part of the time limited for the commencement of the action, except that the period within which the action must be brought cannot be extended more than 5 years by any such disability, except infancy; nor can it be so extended in any case longer than one year after the disability ceases."

The court of appeals certified the following question to this court: "May parents delay a suit for medical expenses and loss of society and companionship resulting from their child's personal injuries until one year after the child's eighteenth birthday under secs. 893.18(2) and 893.54, Stats.?"

The first issue is whether a parent's claim is "an action to recover damages for injuries to the person" within sec. 893.54, the three-year statute of limitations. Although neither party cites authority that is determinative of this issue, the defendants correctly point out that in interpreting statutes similar to sec. 893.54 this court has concluded that the statutory phrase "injuries to the person" is not limited to an action brought by the person who sustained the physical injury but also includes an action brought for consequential damages arising from the personal injury of another. *Ylen v. Mutual Service Casualty Ins. Co.*, 263 Wis. 270, 57 N.W.2d 391 (1953) (notice of claim of injury to the person; parent's claim; sec. 330.19(5), Stats. 1951); *Guse v. A.O. Smith Corp.*, 260 Wis. 403, 51 N.W.2d 24 (1952) (notice of claim of injury to the person; spouses'

claim; sec. 330.19(5), Stats. 1949); *Shovers v. Hahn,* 178 Wis. 615, 190 N.W. 432 (1922) (notice of claim of injury to the person; parent's claim; sec. 4222(5), Stats. 1919). The defendants also point out that this court, in cases not involving statutes of limitations, has characterized the parents' claims for loss of earning capacity, medical expenses, loss of society and companionship as "personal injury rights of actions." *Wangen v. Ford Motor Co.,* 97 Wis. 2d 260, 317, 294 N.W.2d 437 (1980); *Peeples v. Sargent,* 77 Wis. 2d 612, 643, 253 N.W.2d 459 (1977).

No authority in this state or in any other has been cited supporting the proposition that the statute of limitations for personal injury actions does not apply to the parents' claims. Assuming that the three-year statute of limitations applies to the parents' claims, we must determine whether in this case the disability tolling statute (sec. 893.18(2)(a)–(c)) overrides the three-year statute of limitations (sec. 893.54). The circuit court concluded that although the minor may bring her action for damages for personal injury within a period ending after she reaches the age of majority, sec. 893.18(2)(a)–(c), Stats. 1981–82, the three-year statute of limitations, sec. 893.54(1), barred the parents' claims.

We begin with three undisputed, settled principles. First, two causes of action arise for injury to a child: the child's for the injury to the child, and the parents' for the invasion of the parents' interests. Second, parents may maintain an action against a negligent tortfeasor for medical expenses and loss of society and companionship of an injured child. *Shockley v. Prier,* 66 Wis. 2d 394, 225 N.W.2d 495 (1975). Third, the parents' cause of action for loss of society and companionship must be "combined with that of the child for personal injuries." *Shockley v. Prier, supra,* 66 Wis. 2d at

404. Although *Shockley* apparently does not require the joinder of the parent's claim for medical expenses with the child's claim, as a practical matter the parent's claim for medical expenses should be joined with the parent's claim for loss of society and companionship. The *Shockley* joinder requirement protects the defendants from multiple litigation and inconsistent judgments and it protects the public's interest in the prompt, complete and efficient settlement of controversies in one proceeding.

The defendants argue that sec. 893.18 by its very terms is limited to persons under the age of 18 and that because the parents' claims are separate and distinct from the claim of the minor, the disability tolling provision is inapplicable to the parents' claims. See, *e.g.*, *Zielke v. Wausau Memorial Hosp.*, 529 F. Supp. 571, 577–78 (W.D. Wis. 1982). The parents, in contrast, contend that the disability tolling provision inures to the parents' benefit because the parents' claims are derivative and dependent on the minor's claim.

The minor's cause of action for physical injury and the parents' causes of action for the invasion of the parents' interests are separate in the sense that each is predicated upon the invasion of different interests of different persons. The parents' claims are derivative, however, in the sense that they arise from the same tortious act that inflicted injury upon the child. In a number of cases this court has discussed the concepts of separate and derivative as applied to parents' claims and concluded that the parents' and child's causes of actions are separate in certain respects and derivative in others and that the labels are not helpful in deciding the particular questions that come before the court. The preferred approach is to examine the legal context in which the question about the parents' claims arises and to make a decision which furthers the policies of the

particular law in issue. *Wangen v. Ford Motor Company*, 97 Wis. 2d 260, 316, 294 N.W.2d 437 (1980).

In this case we are dealing with the hybrid nature of the parents' claims in the context of the statute of limitations. Neither sec. 893.54(1) nor sec. 893.18(2)(a)(c) provides clear guidance as to the limitations period applicable to parents' claims for medical expenses and loss of society and companionship. Consequently we must discern the purposes of these two statutes and apply the statutes in furtherance of their purposes.

Sec. 893.54, the three-year statute of limitations, is, like all statutes of limitations, designed to ensure prompt litigation of valid claims and to protect the defendant from fraudulent or stale claims brought after memories have faded or evidence has been lost. *Armes v. Kenosha County*, 81 Wis. 2d 309, 319–20, 260 N.W.2d 515 (1977).

Sec. 893.18, the provision tolling the statute of limitations during the period of the disability of infancy, dates back to at least 1848. Wis. Rev. Stats. 1848, ch. 127. The purpose of tolling the statute of limitations during a party's disability (in this case being within the age of 18) is to ensure that the minor does not lose rights because a guardian neglected to protect the minor's interest by bringing an action in a timely fashion. The time period for initiating an action is extended by statute to allow the minor to enforce his or her own rights upon reaching the age of majority.

It is arguable that the purpose of the disability tolling provision is fostered if the tolling provision does not inure to the parents' benefit. If the parents' claims are governed by the three-year statute of limitations, the parents must sue on their claims promptly. The parents must of necessity also initiate the minor's claim within the three-year period since the *Shockley* case, *supra* 66 Wis. 2d at 404, requires the parents to join their causes of action for loss of society and companion-

ship with the minor's action for personal injury. It may be in the minor's interest that the parents be governed by the three-year statute so that the minor's action is brought promptly. On the other hand, forcing the parents to initiate the minor's action within the three-year period may not be in the minor's interest in a particular case. Although the purpose of the disability tolling statute is not to give the minor's representative the opportunity, for a variety of reasons, to delay initiating the suit beyond the three-year time period prescribed for adults, it does have this effect.

On the other hand, granting the parents in this case the benefit of the disability tolling provision would not necessarily put any additional burden on defendants. The defendant is subject to suit brought by the child during the period of minority plus the additional time accorded by the statute. Thus if the disability tolling provision inures to the benefit of the parents, no great burden is imposed on the defendants since they would have had to preserve evidence or maintain their readiness to defend the minor's claim.

In construing statutes of limitations, we look to other policies as well. While an interpretation of a statute of limitations should not unduly prolong the time period during which a suit may be commenced, the interpretation should also be sensitive to protecting access to courts. From the parents' perspective, the parents' interpretation of the *Shockley* case and secs. 893.54(1) and 893.18(2)(a)(c) is reasonable and another interpretation would unfairly deny them access to court. This court has said that "statutes creating limitations are to be reasonably and fairly construed, but should not be extended by [judicial] construction." *Pugnier v. Ramharter*, 275 Wis. 70, 77, 81 N.W.2d 38 (1957).

Although there are strong public policy reasons for applying the three-year statute of limitations to the par-

ents' claims, there are equally strong public policy reasons for applying the minor's disability tolling provision. In order to allow the minor or the minor's representative the benefits of a longer limitations period, to encourage the policies underlying the joinder requirement, and to apply a fair and reasonable construction of the statutory provisions, we hold that secs. 893.18 and 893.54 should be construed in this case as allowing the parents' claims to be filed during the period in which the minor may file his or her claim.

Accordingly, we reverse the judgment of the circuit court and remand the cause for proceedings not inconsistent with this opinion.

*By the Court.*—Judgment reversed; cause remanded.