**Maria Rosa PEREZ, A Minor, By Her Father and Next Friend Miguel Fernandez PEREZ, and Maria Rosa Perez, Plaintiffs,**

v.

**Mario E. ESPINOLA, M.D., Defendant.**

**Civ. A. No. 90-1254-A.**

United States District Court,
E.D. Virginia,
Alexandria Division.

Nov. 6, 1990.

Richard Charley Shadyac, Jr., Shadyac & Shadyac, Arlington, Va., for plaintiffs.

Tara M. McCarthy, Slenker, Brandt, Jennings & Johnston, Fairfax, Va., for defendant.

## MEMORANDUM OPINION

ELLIS, District Judge.

### I. *Background*

The unsettled question of Virginia law raised in this diversity malpractice case is whether the statute of limitations tolling provision for a minor's claim applies also to a parent's claims for medical expenses and emotional distress stemming from the same incident of alleged malpractice.

The pertinent facts may be simply stated. In 1978, Mrs. Perez became a patient of defendant, an obstetrician then practicing in Virginia. In early 1979, she became pregnant and was treated by defendant during the course of her pregnancy. On

October 31, 1979, the minor plaintiff[1] was born at Fairfax Hospital. During and following her birth, the minor plaintiff allegedly suffered serious injuries, including severe brain damage, cerebral palsy, and loss of body functions. In June 1989, almost ten years later, plaintiffs notified defendant of their malpractice claim, as required by Va.Code § 8.01–581.2(A). The complaint was filed in September 1990.

Three claims are asserted in the complaint, two by the mother and one by the child. The child sues by her father for the personal injuries allegedly caused by defendant's negligence. The mother asserts claims for the recovery of medical expenses incurred in the treatment of the child and for negligent infliction of emotional distress. Defendant moves to dismiss the mother's claims on two grounds. First, defendant contends that both claims fail because the notice provided by plaintiffs did not satisfy the standard set forth in Va.Code § 8.01–581.2(A). Second, defendant contends that both claims are barred by the applicable statutes of limitations.

For the reasons stated here, the Court concludes that the mother's claims are barred as untimely. Given this conclusion, the Court need not reach the notice issue.

## II. *Analysis*

Because the basis of jurisdiction in this case is diversity, Virginia law determines the applicable statutes of limitations and their scope. *Guaranty Trust Co. v. York,* 326 U.S. 99, 65 S.Ct. 1464, 89 L.Ed. 2079 (1945) (applying *Erie R. Co. v. Tompkins,* 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938)); *Ragan v. Merchants Transfer & Warehouse Co.,* 337 U.S. 530, 69 S.Ct. 1233, 93 L.Ed. 1520 (1949); *Granahan v. Pearson,* 782 F.2d 30 (4th Cir.1985). Where, as here, existing state law is not dispositive of the precise facts presented, a

federal court must do its best to divine what the state's highest court would say if faced with the question. *See, e.g., Commissioner v. Estate of Bosch,* 387 U.S. 456, 465, 87 S.Ct. 1776, 1782, 18 L.Ed.2d 886 (1967); *West v. American Telephone and Telegraph Co.,* 311 U.S. 223, 237, 61 S.Ct. 179, 183, 85 L.Ed. 139 (1940).

Three Virginia statutes are relevant. First, Va.Code § 8.01–243(A) provides that every action for personal injuries, whatever the theory of recovery, shall be brought within two years after the cause of action accrues. Second, Va.Code § 8.01–243(B) provides that every action for injury to property, including actions by the parent of an infant against a tortfeasor for medical expenses of the child, shall be brought within five years after the cause of action accrues. Third, Va.Code § 8.01–229(A) establishes a special tolling provision for disabled persons, including infants and minors. The disability tolling statute provides that if a person entitled to bring any action is an infant at the time the cause of action accrues, or if an infant becomes entitled to bring an action after the cause of action accrues, the time during which the infant remains a minor shall not be counted for limitations purposes. *See* § 8.01–229(A)(1), (2)(a). The minor plaintiff's claim is timely because of the operation of the disability tolling provision. The question presented is whether the mother's claims are also saved by the tolling statute.

Plaintiffs concede that, unless saved by the tolling provision, the mother's action for emotional distress is barred by the plain language of Va.Code § 8.01–243(A),[2] and her claim for medical expenses is similarly barred by Va.Code § 8.01–243(B). Plaintiffs contend, however, that where, as here, the parent's claims are dependent on the child's malpractice claim, the Supreme

---

**1.** The minor plaintiff and her mother share the name Maria Rosa Perez.

**2.** *See also Moore v. Allied Chemical Corp.,* 480 F.Supp. 364 (E.D.Va.1979) (under Virginia law, action for emotional distress is an action for personal injuries carrying a two-year limitations period). Additionally, this claim, even if not barred as untimely, may well fail to state a claim under Virginia law. *See Myseros v. Sis-*

*sler,* 239 Va. 8, 387 S.E.2d 463 (1990) (reiterating Virginia rule that damages are not recoverable for emotional distress in the absence of physical injury and stating that an exception created by *Naccash v. Burger,* 223 Va. 406, 290 S.E.2d 825 (1982), is "confined to its particular facts"); *Bulala v. Boyd,* 239 Va. 218, 389 S.E.2d 670, 674 & n. 1 (1990).

Court of Virginia would construe Va.Code § 8.01–229(A) to permit the mother to benefit from the disability tolling provision applicable to her daughter.

This contention fails because it rests on an impermissible construction of the tolling statute, which provides that the "person[s] entitled to bring any action" pursuant to it are infants, minors, insane persons or convicts. *See* § 8.01–229(A). No other class of persons is mentioned. *Cf. Apicella v. Valley Forge Military Academy*, 630 F.Supp. 20, 23 (E.D.Pa.1985) (parents are not minors, insane, or imprisoned persons under similar Pennsylvania disability tolling statute). Moreover, Va.Code § 8.01–243(C) makes clear that the tolling statute applies in actions "brought by or on behalf of a person under a disability." The mother is not such a person; she does not fall within any of the classes of persons set forth in the statute as eligible for tolling, nor are her claims brought by or on behalf of a person under a disability. From these provisions, it is apparent that Virginia's General Assembly did not intend a parent's claims to be eligible for disability tolling even if those claims grow out of the same act of negligence that injures the parent's child.

Convincing confirmation of this conclusion is found in Va.Code § 8.01–243(B), which establishes a five-year limitations period for the action of an infant's parent or guardian to recover "against a tort-feasor for expenses of curing or attempting to cure such infant from the result of a personal injury" caused by the tortfeasor. Virginia's General Assembly surely would not have enacted a specific five-year statute of limitations for a parent's cause of action for expenses had it intended to permit the parent's action to be covered by the tolling provision. If the tolling provision encompassed the parent's action for expenses, such a specific statute of limitations provision would not have been neces-

sary. Put another way, to construe the tolling provision to apply to parents' actions would render the five-year limitations provision essentially meaningless,[3] a result surely not intended by the General Assembly. In sum, the terms of the tolling statute and the existence of specific statutes of limitations for parents' expense and personal injury actions refutes the plaintiffs' contention that tolling should be extended to the mother's claims because of their derivative relationship to the child's claim.

To avoid this result, plaintiffs advance three arguments. First, plaintiffs point out that unlike the courts of some other states, the Supreme Court of Virginia has stated on several occasions that a parent's claim for emotional distress and medical expenses stemming from an injury to a child is "wholly derivative" of the child's claim. *Speet v. Bacaj*, 237 Va. 290, 377 S.E.2d 397, 401 (1989) (emotional distress); *Norfolk Southern Ry. v. Fincham*, 213 Va. 122, 189 S.E.2d 380, 384 (1972) (medical and incidental expenses). The most recent of these pronouncements is *Bulala v. Boyd*, 239 Va. 218, 230, 389 S.E.2d 670 (1990). There, the issue was whether parental claims for emotional distress and expenses should be aggregated into the child's injury claim for purposes of applying Virginia's medical malpractice damage cap. The Court held that because the parent's claim is derivative of the child's, the sum of the damages awarded for both claims is limited by the cap. In other words, "the total damages recoverable for injury to the child, including derivative claims, are limited to the statutory amount." *Id.*, 389 S.E.2d at 676. From this, plaintiffs argue that if the parents' claims are swept into the child's for purposes of a damages cap, the judicial treatment of parental claims should be the same in the statute of limitations context.

This argument is unpersuasive. To begin with, none of the cited Virginia deci-

---

**3.** In most instances, the tolling statute would result in a longer limitations period for the parent's claim than five years. Only when the infant's cause of action accrues within three years of the age of majority would the five-year limitations provision have any effect. And, in that event, the plaintiffs' argument that the tolling provision should be stretched to reach the mother's claim would lead to the anomalous result of giving parents even longer to bring their claims than is provided to the infant.

sions involved statutes of limitations. *Speet v. Bacaj* held only that where evidence failed to show that an obstetrician was guilty of negligence in the delivery of a child, it followed as a matter of law that the parents' claim for emotional distress as a consequence of the delivery could not be proved. *See* 377 S.E.2d at 401. Similarly, *Norfolk Southern R. Co. v. Fincham* held that where a jury did not properly return a verdict in the case of a boy injured by a train, it followed that no verdict was returned on the parent's cause of action for medical and incidental expenses. *See* 189 S.E.2d at 384. These decisions stand for the proposition that the parent's action is derivative of the child's for purposes of determining liability. They do not speak to the question whether the derivative nature of the actions has any consequences in the statute of limitations context. These decisions are therefore inapplicable here.[1]

Plaintiffs' reliance on *Bulala v. Boyd* is particularly misplaced. In that case the Supreme Court of Virginia explicitly sought to further the purposes of the statutory malpractice damages cap by treating the infant's and parent's claims as one. *See* 389 S.E.2d at 674 ("[e]very statute is to be read so as to 'promote the ability of the enactment to remedy the mischief at which it is directed.' ") (quoting *Board of Sup. v. King Land Corp.*, 238 Va. 97, 103, 380 S.E.2d 895, 897 (1989) and *Natrella v. Board of Zoning Appeals*, 231 Va. 451, 461, 345 S.E.2d 295, 301 (1986)). While treating the parent's and child's claims as one advances the purposes of the statutory malpractice damages cap, such treatment has the opposite effect in the statute of limitations context. Combining the claims in this case would undermine the purposes of the applicable statutes of limitations, which purposes include providing notice to defendants, ensuring prompt litigation of valid claims, promoting finality, and preventing the litigation of fraudulent or stale

claims. *See generally Crown, Cork & Seal Co., Inc. v. Parker*, 462 U.S. 345, 352, 103 S.Ct. 2392, 2396, 76 L.Ed.2d 628 (1983); *United States v. Kubrick*, 444 U.S. 111, 117, 100 S.Ct. 352, 356, 62 L.Ed.2d 259 (1979); *Johnson v. Davis*, 582 F.2d 1316, 1319 (4th Cir.1978); *Matter of Seats*, 537 F.2d 1176, 1179 (4th Cir.1976). In summary, *Bulala v. Boyd* is not persuasive here because it treated the parent's and child's claims as one for reasons not applicable to this case.

Plaintiffs' second argument is that the Supreme Court of Virginia would likely follow the decisions of the courts in other states permitting parents' claims to benefit from infant tolling provisions. Plaintiffs' principal authority in this regard is *Korth v. American Family Ins. Co.*, 115 Wis.2d 326, 340 N.W.2d 494 (1983). In that case, the Supreme Court of Wisconsin held that a provision tolling the statute of limitations for a minor until one year after the minor's eighteenth birthday also applied to the parents' derivative claims. Reasoning, *inter alia*, that interpretation of statutes of limitations should be "sensitive to protecting access to courts," *id.* 340 N.W.2d at 497, the Wisconsin court found that where the parents' claim was filed along with the minor child's and within the time period prescribed for the child's claim, the parents' claims were also timely. *See also Lauver v. Cornelius*, 85 A.D.2d 866, 446 N.Y.S.2d 456 (App.Div.1981) (stating that time limitation on both children's tort actions against alleged child molester and their parents' action to recover medical expenses for treatment of children were tolled by children's infancy); *Vedutis v. Tesi*, 135 N.J.Super. 337, 343 A.2d 171 (Law Div.1975) (parental filing of notice of claim under state Tort Claims Act is preserved by minor's tolling statute where parents' claim is derivative), *aff'd*, 142 N.J.Super. 492, 362 A.2d 51 (App.Div.1976).[5]

---

**4.** It is undeniable that the mother's claims are derivative of the child's. But it does not necessarily follow from this that both claims should be governed by the same statute of limitations. Fixing a limitations period for a class of claims involves striking a balance between competing considerations. And a legislature might well, as

Virginia's General Assembly has, strike a balance for the parent's claim different from that considered appropriate for the child's claim.

**5.** Plaintiffs' remaining cited case, *Manley v. Detroit Auto Inter–Insurance Exchange*, 127 Mich. App. 444, 339 N.W.2d 205 (1983), *rev'd on other*

This second argument is also unpersuasive. Plaintiffs' cited authority is inapposite. Each decision involved a statutory context different from Virginia's. For example, neither in *Korth* nor any other case cited to the Court was there a statute of limitations at issue which, like Va.Code § 8.01–243(B), incorporates an explicit limitation on parents' actions for medical expenses resulting from injury to a child.[6] In addition, the balance of authority weighs against plaintiffs. Federal courts have been reluctant to construe state statutes of limitations to permit the tolling of parents' actions. *See, e.g., Doran v. Compton,* 645 F.2d 440, 445 n. 8 (5th Cir.1981) (where plaintiffs conceded that parents' claims were barred by two-year statute of limitations, tolling provision for minor had no effect on parents' causes of action in medical malpractice case based on misdiagnosis); *Davis v. Drackett Products Co.,* 536 F.Supp. 694, 696–97 (S.D. Ohio 1982) (finding parents' claims for medical expense and loss of services in product liability case barred by statute of limitations where, under Ohio law, minor's claim for his own injuries and parents' claims are separate and distinct for purposes of tolling statute); *Bergstreser v. Mitchell,* 448 F.Supp. 10, 15 (E.D.Mo.1977) (parents' action for loss of services and medical expenses of infant son based on preconception negligence of doctors and hospital was governed by two-year statute of limitations, notwithstanding that child's minority was sufficient to toll statute as to his own action for negligence); *Apicella v. Valley Forge Military Acade-*

*my,* 630 F.Supp. at 23 (minor's tort claim was tolled, but parents' claim was barred by two-year statute of limitations where Pennsylvania law holds minor's and parents' causes of action to be separate and distinct). None of these decisions is directly on point or controlling, but taken together they provide general support for the Court's conclusion that the disability tolling statute should not be construed to encompass the mother's claims.

Plaintiffs' third argument is the general claim that extension of the disability tolling provision would serve various interests of fairness and convenience. Of particular concern to the Court in this regard is an argument that the tolling provision should be judicially extended to cover the mother's claim in order to avoid a situation in which a parent's claim is brought first, with possible adverse *res judicata* consequences for the child's action. It is unclear whether a parent's claim for medical expenses or emotional distress, if brought first and unsuccessfully, would bar the child's claim. That would depend, *inter alia,* on the existence of privity. In any event, even assuming the potential for *res judicata* consequences, it is important to recognize that the fundamental cause for this outcome is Virginia's established rule permitting separate suits, not the failure of the tolling provision to cover the parent's claim. *See* Va.Code § 8.01–36. Even if the parent's claim enjoyed the benefit of the tolling provision, a parent could still file an earlier, separate suit. At most, applying Virginia's

---

*grounds,* 425 Mich. 140, 388 N.W.2d 216 (1986), is not precisely on point. In that case, the court reasoned that claims for home modification expense and parental services resulting from an injury to a child were arguably claims of the child rather than the parents; consequently, the parents were "claiming under" the child within the letter of the minority savings provision of Michigan law. *See* 339 N.W.2d at 211–12.

**6.** More particularly, in *Korth* the court framed the question as whether the disability tolling statute should override a general three-year statute of limitations for personal injuries. *See* 340 N.W.2d at 496. *Korth* is also distinguishable because the Supreme Court of Wisconsin based its conclusion in part on the fact that the parents' claims were not merely derivative of the

child's, but rather were required, by Wisconsin joinder rules, to be combined with the child's action. *See* 340 N.W.2d at 496 ("[T]he parents' cause of action for loss of society and companionship must be 'combined with that of the child for personal injuries.' *Shockley v. Prier, supra,* 66 Wis.2d [394] at 404, 225 N.W.2d 495 [(1975)]. Although *Shockley* apparently does not require the joinder of the parent's claim for medical expenses with the child's claim, as a practical matter the parent's claim for medical expenses should be joined with the parent's claim for loss of society and companionship."). In contrast, Virginia law does not require joinder. Rather, Va.Code § 8.01–36 states clearly that a parent's action for medical expenses may or may not be combined with an infant's action for personal injuries.

two and five-year statutes of limitations provides some added incentive for the parent's claims to be brought first. In sum, plaintiffs' concerns are not of sufficient weight to override the plain meaning of the applicable statutes of limitations, particularly the existence of an explicit five-year limitation on actions for a child's medical expenses, and the evident legislative intent. Virginia law permits the parent's and the child's claims to be brought separately and to be governed by different statutes of limitations. This is a legislative judgment that deserves this Court's deference.

For all these reasons, the Court declines plaintiffs' invitation to stretch the disability tolling statute to reach the mother's claims. The claims are therefore time barred, and defendant's motion to dismiss must be granted.