**Emily L. CARLSON, a minor, by her guardian ad litem, David P. JENDRZE-JEK, and Mary C. Carlson, Plaintiffs,**

v.

**TSCHOPP–DURCH–CAMASTRAL CO., d/b/a Chippewa Homes, Inc., a Wisconsin corporation, Tower Realty, Inc., a Wisconsin corporation, Sunflower Development Corporation, Ltd., a Wisconsin corporation, and Hartford Accident and Indemnity Company, a Connecticut corporation, Defendants.**

No. 90–C–230–C.

United States District Court,
W.D. Wisconsin.

Feb. 7, 1991.

David P. Jendrzejek, Moss & Barnett, Minneapolis, Minn., for plaintiffs.

Steven R. Cray, Chippewa Falls, Wis., for defendants.

## OPINION and ORDER

CRABB, Chief Judge.

This diversity action for money damages is before the court on a motion brought by defendants Tschopp–Durch–Camastrol Co. and Hartford Accident & Indemnity Co. to dismiss plaintiff Mary Carlson's claim for damages suffered as a result of defendant Tschopp–Durch–Camastrol Co.'s negligent infliction of emotional distress. Defendants contend that the claim is barred by the statute of limitations. Plaintiffs oppose the motion on its merits and on the grounds that it was filed after the deadline set by the court for the filing of dispositive motions and that it is styled incorrectly as a motion to dismiss, rather than as a motion for summary judgment.

From the record, I make the following findings of fact solely for the purpose of deciding this motion.

## RECORD FACTS

Plaintiffs filed their original complaint on March 30, 1990. In it they alleged that plaintiff Emily Carlson had sustained damages on December 31, 1983, when she fell from an unguarded staircase in her home, a prefabricated home manufactured by defendant Tschopp–Durch–Camastral Co. Plaintiffs alleged that Emily Carlson's injuries were the result of the negligence of defendant Tschopp–Durch–Camastral and that her mother, Mary Carlson, sustained damages as well, for loss and companionship of her child, for medical care and treatment and for the emotional distress she suffered when she witnessed her daughter's fall. In their answer to this complaint, defendants alleged as an affirmative defense that all of Mary Carlson's claims were barred by the statute of limitations.

At the preliminary pretrial conference held on June 6, 1990, I entered an order setting the case for jury trial on February 25, 1991 and directing all dispositive motions to be filed no later than October 1, 1990 and all amendments to the pleadings were to be made no later than July 2, 1990.

Plaintiffs filed three amended complaints adding additional defendants and making various changes in the pleadings. The last one was filed on January 9, 1991. It was unaccompanied by a motion for leave to file an untimely amendment or by a stipulation showing the agreement of the parties to its filing. Two weeks earlier, defendants had filed the motion to dismiss that is now before the court. It was not accompanied by a motion for leave to file it after the deadline set by the court, and although the motion was styled as a motion to dismiss, defendants submitted an affidavit in support of the motion, to which counsel for defendants attached portions of the deposition testimony that he averred had been given by plaintiff Mary Carlson on November 6, 1990, and excerpts of Mary Carlson's medical records showing a discharge summary from August 6, 1984.

When I scheduled briefing on the motion, I did not note that the motion should be considered as one for summary judgment.

## OPINION

■ The initial question is whether defendants' motion should be denied without reaching its merits simply because of its

untimeliness or alternatively, because plaintiffs were not given an opportunity to submit evidentiary material in opposition to the motion. I conclude that neither defect is so prejudicial to plaintiffs as to warrant denial of the motion on procedural grounds.

Although the motion was filed after the deadline for the filing of motions, it appears to have been filed promptly after defendants became aware of the factual basis for the motion after taking Mary Carlson's deposition in November. It would have been better had defendants arranged to take this deposition before the deadline for the filing of dispositive motions or, if this was not possible, for defendants to have sought permission of the court for the late filing, but I am not persuaded that either of these omissions should bar consideration of the motion.

The defendants' failure to characterize the motion as one for summary judgment is potentially a more serious defect. Plaintiffs should have been provided an opportunity to submit evidentiary materials in opposition to defendants' motion. However, plaintiffs have not suggested that they have any evidentiary materials they could have filed had they been permitted to do so. They do not dispute any of the facts material to the motion, only the application of the law to those facts.

■ I turn then to the merits of the motion, which is grounded on defendants' contention that Mary Carlson's claim for negligent infliction of emotional distress is barred by Wis.Stat. § 893.54, which provides that an action brought to recover damages for injuries to the person must be brought within three years of the date on which it accrues.

Plaintiffs do not dispute that § 893.54 applies to injuries incurred as a result of the negligent infliction of emotional distress or that Wisconsin law determines the limitations periods in diversity actions. *Robinson v. Willow Glen Academy*, 895 F.2d 1168, 1169 (7th Cir.1990). They do not dispute either that Mary Carlson would have known more than three years before filing this action that she had a potential claim of emotional distress against defendant when she was hospitalized for treatment for emotional damages attributable to having seen her daughter fall.

Plaintiffs' argument is that Mary Carlson's claim is not barred because it is covered by Wis.Stat. § 893.18(2), which tolls the running of the statute of limitations in § 893.54 for persons under the age of eighteen until one year following their eighteenth birthday. They base their argument on the Wisconsin supreme court's holding in *Korth v. American Family Ins. Co.*, 115 Wis.2d 326, 340 N.W.2d 494 (1983), a case in which the court held that the disability tolling benefits of § 893.18(2) override the three-year statute of limitations (§ 893.54) that would otherwise apply to a parent's claims for damages for medical expenses and loss of society and companionship arising out of the minor's injuries. Plaintiffs concede that *Korth* did not raise the question whether the tolling benefits of § 893.18(2) apply to a parent's claim for damages for negligent infliction of emotional distress, but they argue, and I agree, that the policy concerns that animated the holding in *Korth* support the extension of that holding to a parent's claim for negligent infliction of emotional distress that arises from the same tortious act that caused the child's injury.

In reaching its holding, the state supreme court began with a summary of the applicable principles of Wisconsin law. Two causes of action arise from injuries to a child: the child's for her own injuries and the parents' for the invasion of their interests. Parents may maintain an action against a negligent tortfeasor for medical expenses and loss of society and companionship of an injured child. *Shockley v. Prier*, 66 Wis.2d 394, 225 N.W.2d 495 (1975). *Shockley* requires joinder of the parents' cause of action for loss of society and companionship with the child's action for personal injuries. *Id.* at 404, 225 N.W.2d at 501. And, as a practical matter, the parents' claim for medical expenses should also be joined, although *Shockley* does not make this explicit. *Korth*, 115 Wis.2d at 331, 340 N.W.2d at 496. "[This] joinder requirement protects the defen-

dants from multiple litigation and inconsistent judgments and it protects the public's interest in the prompt, complete and efficient settlement of controversies in one proceeding." *Id.*

The court rejected the defendants' argument that the disability tolling provisions should not apply to the parents' claims because they are separate and distinct from the minor's claim. It also rejected the parents' argument that the derivative nature of their claims entitled them to the benefits of the tolling provision. Acknowledging that the parents' and the minor's claims are "predicated upon the invasion of different interests of different persons," *id.* at 331, 340 N.W.2d at 496, the court declined to try to categorize the parents' claims as derivative of or separate from the minor's claim, holding that "[the] preferred approach is to examine the legal context in which the question about the parents' claims arises and to make a decision which furthers the policies of the particular law in question." *Id.* at 331–32, 340 N.W.2d at 496. The context in *Korth* was that of the statute of limitations. The court's task was to "discern the purposes of [§§ 893.54 and 893.18(2)(a)] and apply the statutes in furtherance of their purposes." *Id.* at 332, 340 N.W.2d at 497.

The purpose of the disability tolling statute is to ensure that the minor does not lose rights because the guardian fails to protect them by suing in timely fashion. A holding that the parents must sue on their claims within three years would force parents to initiate the minor's claims within the same period because of the holding in *Shockley*, 66 Wis.2d 394, 225 N.W.2d 495, requiring joinder of those claims. "[F]orcing the parents to initiate the minor's action within the three-year period may not be in the minor's interest in a particular case." *Korth*, 115 Wis.2d at 333, 340 N.W.2d at 497. Giving the parents the benefit of tolling does not prejudice the defendant, who must be prepared to defend against the child's suit until the injured child's nineteenth birthday. Finally, an interpretation in favor of the parents protects their access to the courts.

The considerations given weight in *Korth* support an extension of the disability tolling provisions to Mary Carlson's claim for negligent infliction of emotional distress. Such a holding has the same effect as permitting the parent the benefit of the child's tolling period in which to bring claims for loss of society and companionship and for medical expenses. It gives "the minor or the minor's representative the benefits of a longer limitations period"; it encourages "the policies underlying the joinder requirement"; and it is "a fair and reasonable construction of the statutory provisions." *Korth*, 115 Wis.2d at 334; 340 N.W.2d at 497.

I conclude that the state supreme court would allow a parent the benefit of the minor's tolling period for claims of negligent infliction of emotional distress arising out of the same negligent acts that caused the minor's injuries. Therefore, I will deny defendants' motion to dismiss plaintiff Mary Carlson's claim for negligent infliction of emotional distress.

### ORDER

IT IS ORDERED that the motion of defendants Tschopp–Durch–Camastrol Co. and Hartford Accident & Indemnity Co. to dismiss plaintiff Mary Carlson's claim for negligent infliction of emotional distress is DENIED.