Lyle SCHLOMER, a minor by C.M. Bye, his Guardian ad Litem, Plaintiff-Respondent-Cross Appellant-Petitioner,

v.

Robert I. PERINA and Northwestern National Insurance Company, Defendants-Appellants-Cross Respondents.

Supreme Court

*No. 90–0952. Oral argument May 27, 1992.—Decided June 23, 1992.*

(Also reported in 485 N.W.2d 399.)

For the plaintiff-respondent-cross appellant-petitioner there were briefs by *Arnold P. Anderson* and *Mohr, Anderson & McClurg, S.C.,* Hartford and oral argument by *Arnold P. Anderson.*

For the defendants-appellants-cross respondents, there was a brief by *Virginia L. Newcomb* and *Bell, Metzner, Gierhart & Moore, S.C.,* Madison and oral argument by *Ms. Newcomb.*

STEINMETZ, J.   This is a legal malpractice action brought by Attorney C. M. Bye on behalf of Lyle Schlomer (Lyle), a minor, against Attorney Robert I. Perina and his insurance company, Northwestern National Insurance Company. The complaint alleges that Attorney Perina was retained to handle a personal injury claim arising out of injuries to Lyle and that Attorney Perina was negligent in handling the claim in that, for approximately three years, he neglected the claim and failed to promptly pursue the personal injury action. Furthermore, the negligence was a substantial factor in causing damages to Lyle, including a loss of use of funds caused by the failure to pursue the claim.

At trial the jury found, and the Eau Claire county circuit court, Judge Roderick A. Cameron, presiding, confirmed that Attorney Perina neglected to pursue Lyle's products liability claim for three years. It was also decided that the neglect of Lyle's claim denied him the

ability to invest funds from his settlement, and his claim diminished in value during the period of neglect.

The court of appeals concluded that public policy prevents Lyle from recovering an award for the loss of a larger settlement, because there is no just or sensible stopping point. *Schlomer v. Perina,* 163 Wis. 2d 708, 715, 473 N.W.2d 6 (Ct. App. 1991). We agree that public policy considerations preclude the award for the loss of a larger settlement but base our reasoning on the fact that the injury is too remote from the negligence and too out of proportion to the culpability of the negligent attorney. The court of appeals decision is therefore affirmed but on other grounds.[1]

The facts impart that Lyle Schlomer was severely injured in 1977 when he was less than two years old. He suffered the loss of his entire right leg and haunch and received severe damage to the left leg and foot when he was caught in a sweep arm of an A. O. Smith Harvestore silo auger.

Lyle's parents did not seek the advice of an attorney or file a suit because the father, Marvin Schlomer, believed a claim was not available to them.[2] In fact, the Schlomers had no contact with any attorney until more than three years (1981) after the accident at which time

---

[1] Because the award for the loss of a larger settlement is reversed, the deduction of an attorney fee from the verdict will not be discussed.

[2] Mr. Schlomer believed that he was primarily responsible for the accident. On the day of the injury, Mr. Schlomer and his father-in-law, James Curtiss, intended to remove the remaining bushels of corn from the Harvestore. Lyle and his brother were placed in the silo by their father. The lower auger was engaged and Mr. Curtiss started to shovel corn into the auger. He went to the edge of the interior of the structure to get a shovel full of corn and when he turned around, Lyle was entangled in the auger.

Attorney Perina contacted them. Attorney Perina advised them the statute of limitations would not run for Lyle until one year after Lyle reaches the age of majority.

Attorney Perina handled the Schlomer case until December, 1984. During this time he prepared a "Day in the Life" film, had professional photographs taken, gathered medical records, consulted with experts, conducted research and investigation, and visited the Schlomer farm several times. In November, 1981, efforts were made to initiate settlement discussions. The discussions never occurred, however, and no effort was made by either the attorney or the Schlomers to contact one another.[3]

During this intervening period, Attorney Perina was following the case of *Korth v. American Family Insurance Co.,* 115 Wis. 2d 326, 340 N.W.2d 494 (1983). In *Korth,* this court held that parents who have claims which are derivations of a child's claim have the same statute of limitations as the underlying minor's case. As a result of this holding, Lyle's parents were not barred from filing a claim because suit had not yet been commenced on Lyle's behalf.

Late in November, 1984, Attorney Perina received a letter from Attorney Bye stating that he was representing the Schlomers with regard to Lyle's case. Attorney Perina met with the Schlomers on December 5, 1984, to correct any misunderstandings. The Schlomers decided to continue to have Attorney Perina represent them but later changed their minds and retained Attorney Bye. The case was brought to federal court by Attorney Bye on February 7, 1985. It was settled just prior to trial for a

---

[3]Between December, 1981, and December, 1984, Attorney Perina was seriously ill and hospitalized for two extended periods of time. In November, 1984, he returned to his law practice part-time.

total estimated value of $1,111,236.14 on a structured settlement.[4]

Attorney Bye advised the Schlomers that they may have a cause of action against Attorney Perina for "loss of use of funds" and a lesser settlement value because he failed to bring an action to court or settle it while he was representing them. A malpractice suit was subsequently filed and the jury found that Attorney Perina was negligent with respect to his representation of Lyle and that his negligence was the cause of damages to Lyle. The jury decided that Lyle would have recovered $1,270,000 in 1982. The jury also decided that Lyle's loss of use of funds amounted to $406,000.

The trial judge denied defendant's motion after the verdict and found Attorney Perina and his insurance carrier liable for the diminished value of the claim plus $406,000. The court deducted one-third from the $406,000 for attorney fees pursuant to Attorney Perina's contract for contingent fees.

The court of appeals reversed the trial court's decision. The court reasoned: "Recovery for failing to settle a claim at an earlier date for more money . . . opens the

---

[4]The settlement disbursements are as follows:

(1) Payable to the John Wilcox Trust account on behalf of Alice Schlomer in settlement of Alice Schlomer's claims and for damages including medical expenses: $75,000.

(2) Attorneys fees to Attorney Bye's law firm: $345,412.04

(3) Costs and expenses to Attorney Bye's firm: $16,360.14.

(4) Additional money payable to Alice Schlomer to remodel her home or provide other benefits for her son at her discretion: $8,227.82.

(5) A U.S. Savings Bond with a face value of $60,000 at a cost of $30,000 to be held until Lyle Schlomer's 18th birthday: $30,000.

(6) An annuity: $636,236.14.

door to malpractice claims immeasurably wider and resting largely on evidence of an abstract and hypothetical nature." *Id.* at 715. The court continued in stating that "it is the concern for the absence of a sensible or just stopping point as to each of the three elements of Lyle's cause of action, negligence, causation and damages, rather than any one element that invokes considerations of public policy." *Id.* We agree that public policy precludes recovery but base our conclusion on different reasoning.

Whether public policy considerations preclude the imposition of liability, even if there is cause in fact, is a pure question of law. *Morgan v. Pennsylvania General Ins. Co.,* 87 Wis. 2d 723, 275 N.W.2d 660 (1979); *Coffey v. Milwaukee,* 74 Wis. 2d 526, 541, 247 N.W.2d 132 (1976). The supreme court reviews questions of law de novo. *Jones v. Gerhardstein,* 141 Wis. 2d 710, 733, 416 N.W.2d 883 (1987).

In *Coffey,* 74 Wis. 2d at 541 (quoting *Hass v. Chicago & North Western Ry. Co.,* 48 Wis. 2d 321, 179 N.W.2d 885 (1970)), we stated:

> . . . However, negligence plus an unbroken sequence of events establishing cause-in-fact does not necessarily lead to a determination that the defendant is liable for the plaintiff's injuries. The determination to not impose liability in instances where a negligent act has been committed and the act is a 'substantial factor' in causing the injury rests upon considerations of public policy.

We continued by stating:

> The application of the public policy considerations is solely a function of the court. *Haas, supra* 326; *Schilling v. Stockel,* 26 Wis. 2d 525, 531, 133

N.W.2d 335 (1965); *Colla, supra,* 599. Thus this court has held that even where the chain of causation is complete and direct, recovery may sometimes be denied on grounds of public policy because: (1) The injury is too remote from the negligence; or (2) the injury is too wholly out of proportion to the culpability of the negligent tort-feasor; or (3) in retrospect it appears too highly extraordinary that the negligence should have brought about the harm; or (4) because allowance of recovery would place too unreasonable a burden on the negligent tort-feasor; or (5) because allowance of recovery would be too likely to open the way for fraudulent claims; or (6) allowance of recovery would enter a field that has no sensible or just stopping point.

*Id.* We recognize that the cases in which a causally negligent tortfeasor is relieved of liability are infrequent and present unusual and extreme considerations. *Stewart v. Wulf,* 85 Wis. 2d 461, 271 N.W.2d 79, 88 (1978).

■

Attorney Perina's inactions did not cause damages for which civil liability attaches. Delay by an attorney alone cannot cause damages unless it is probable that it caused the loss of a witness, passing of a statute of limitations or similar results.[5] This is not what happened in the case before us. We find no proof that demonstrates that the insurance carrier dealing with Attorney Perina, or the defense counsel for A. O. Smith, would have settled Lyle's claim any earlier than it was done.

All that exists is speculation. For example, to assume the case would have gone to trial in 1982 can

---

[5]In *Helmbrecht v. St. Paul Ins. Co.,* 122 Wis. 2d 94, 117, 362 N.W.2d 118 (1985) we stated the attorney "was not obligated to negotiate a settlement for his client, but, in doing so, he had a duty to negotiate with reasonable diligence."

only be speculation. Further speculation arises as to whether a structured settlement would have been possible in 1982.[6]

Although the jury in this case found causal negligence and damages, we hold that based on public policy proximate cause is lacking, and Attorney Perina is not liable for damages either for the case not being settled in 1981 or for the loss of use of settlement funds from 1981. We disagree, however, with the public policy reasoning of the court of appeals which states a concern for a just stopping point of malpractice claims. In applying the law as outlined in *Coffey,* we conclude that recovery must be denied under public policy grounds because the injury in this case is simply "too remote from the negligence," and, furthermore, the injury is "too wholly out of proportion to the culpability of the negligent tortfeasor." *Coffey,* 74 Wis. 2d at 541. We therefore affirm the conclusion of the court of appeals based on the reasoning set forth above.

*By the Court.*—The decision of the court of appeals is affirmed.

---

[6]There is no proof the insurance carriers would have produced settlement sums earlier. There was no settlement discussion by the insurance carrier until after discovery proceedings four to six weeks before the settlement offer.