Christa I. BOCKIN, Plaintiff,

Randall F. FOUGHT (Minor)
by his Guardian ad Litem, Benjamin S. Wagner,
Plaintiff-Respondent,

MIDWEST SECURITY LIFE INSURANCE COMPANY,
Involuntary-Plaintiff,

v.

FARMERS INSURANCE EXCHANGE and Betty J. Judon,
Defendants-Appellants.

Court of Appeals

*No. 2005AP3040. Submitted on briefs June 22, 2006.
—Decided September 20, 2006.*

2006 WI App 220

(Also reported in 723 N.W.2d 741.)

On behalf of the defendants-appellants, the cause was submitted on the briefs of *Paul Werkowski* of *SmithAmundsen LLC*, Milwaukee.

On behalf of the plaintiff-respondent, the cause was submitted on the brief of *Kristin Cafferty* of *Habush Habush & Rottier S.C.*, Racine.

Before Snyder, P.J., Brown and Anderson, JJ.

¶ 1. SNYDER, P.J.    Farmers Insurance Exchange appeals from a judgment in favor of Randall F. Fought, a minor, for injuries he sustained in an automobile accident. Farmers argues that the court erred when it

awarded costs to Fought. At least twenty days before the trial, Farmers issued an offer of judgment to Fought, which he did not accept. Fought then failed to recover a more favorable judgment at trial and, therefore, Farmers claims costs due under WIS. STAT. § 807.01(1) (2003–04).[1] Because we conclude that Farmers' offer of judgment was unenforceable, we affirm the judgment of the circuit court.

## BACKGROUND

¶ 2.    Christa I. Bockin and her minor son, Fought, were injured in an automobile accident on July 31, 2002. In August 2004, Bockin and Fought brought claims against Betty J. Judon and her liability insurer, Farmers, for damages sustained as a result of the accident. Farmers made an early allegation that Bockin was negligent in causing the accident and, accordingly, a guardian ad litem was appointed for Fought. Before trial, Farmers agreed to stipulate to liability on the part of its insured, Judon. Only damages remained an issue for trial.

¶ 3.    The parties attempted mediation to resolve the damages issue but no agreement was reached. On May 13, 2005, Farmers served an offer of judgment on Fought. Farmers' offer, made pursuant to WIS. STAT. § 807.01(1), stated in relevant part:

> [D]efendants . . . offer to allow judgment to be taken against them by plaintiff Randall Fought in the amount of Two Thousand One Hundred Dollars and 00/100, ($2,100.00) together with taxable costs and disbursements, on the condition that the plaintiff indemnify or otherwise satisfy any and all related claims (whether

---

[1] All references to the Wisconsin Statutes are to the 2003–04 version unless otherwise indicated.

derivative, ERISA, subrogation, Worker's Compensation or otherwise) and/or liens (whether legal, medical or otherwise) pursuant to *Staehler v. Beuthin* 206 Wis. 2d 610, 557 N.W.2d 487 (Ct. App. 1996).

¶ 4. At that time, Fought claimed accident-related medical expenses of approximately $3200.[2] On May 19, Fought responded with a letter offering to settle his pain and suffering claim. In that letter, Fought's GAL explained:

> For the sake of convenience in mediation settlement negotiations, plaintiffs' counsel treated medical expenses incurred for Randy's treatment as part of Randy's claim, with the understanding that: A) If Randy's case could be settled on that basis, his related medical expenses, whether subrogated or outstanding, would be satisfied out of his settlement; and B) If Randy's case could not be settled on that basis, Randy's medical expenses would be treated as part of Christa Bockin's claim for purposes of any continuing settlement negotiations on her part and/or trial.
>
> . . . .
>
> I would urge Farmers to reconsider its position on settlement. In the hope of spurring some positive movement, I hereby offer, subject to the Court's necessary approval if accepted, to settle Randy Fought's *pain & suffering claim* for the sum of $3,900.

¶ 5. Farmers replied by letter on May 26, rejecting the sum of $3900 for pain and suffering, and reiterating its willingness to settle Fought's claim "in its entirety" for $2100. Fought replied on June 4, characterizing Farmer's letter as "ambiguous." Along with this letter,

---

[2] At trial, the court ordered that only $1132 of Fought's medical expenses could be presented to the jury as accident-related.

Fought enclosed an offer of settlement in accordance with WIS. STAT. § 807.01(3), which stated in part:

> [T]he minor plaintiff, Randall Fought . . . hereby offers . . . to accept the total sum of $3,900.35, plus taxable costs, from the defendant, Farmers Insurance Exchange, to settle any and all causes of action against Farmers Insurance Exchange and Betty Judon in this matter which, as a minor, belong to him under Wisconsin law. Under Wisconsin law, the cause of action for the recovery of the expense of medical care rendered to a minor for the necessary treatment of negligently sustained injuries belongs to the minor's parent rather than the minor. Therefore, Fought does *not* include as part of this offer, any promise to indemnify Farmers Insurance Exchange or Betty Judon against any claims by others for the recovery of the expense of medical care he received as a result of the accident referred to in the Complaint.

¶ 6. Farmers responded on June 21 with a new offer of judgment. This offer repeated all of the terms and conditions of its original offer, but the amount of the offer increased to $3000. On the same date, Farmers served an offer of judgment on Bockin for the sum of $14,500 plus costs and disbursements. Bockin's offer included identical conditions regarding indemnification and satisfaction of all related claims or liens.

¶ 7. On June 23, Fought sent a letter to Farmers stating that the ambiguity of the offer made it impossible to fully and fairly evaluate. He explained:

> I have tried to make very clear in both previous correspondence and in Fought's 6/4/05 Statutory Offer to Settle that, as a matter of law, *the only claim which Fought has in this case is for his personal pain and suffering.* If defendants would care to make a *clear and*

*unambiguous offer* to settle *Fought's case* for $3,000 plus taxable costs and disbursements . . . I would consider it.

¶ 8. The matter proceeded to trial, where the jury awarded Bockin $15,000 for her past and future pain and suffering, and $1132 for Fought's medical expenses. The jury awarded Fought $1000 for his past pain and suffering. Because Fought recovered a judgment less favorable than their offer, Farmers sought costs pursuant to WIS. STAT. § 807.01(1).[3] The circuit court determined that the offer of judgment for $3000 was "invalid and unenforceable." The court entered judgment in favor or Fought for $1000 plus taxable costs and disbursements in the amount of $586.06. Farmers appeals.

## DISCUSSION

¶ 9. The parties agree that because this appeal involves the application of WIS. STAT. § 807.01 to the facts presented, we employ a de novo standard of review. *See Ritt v. Dental Care Assocs., S. C.,* 199 Wis. 2d 48, 75, 543 N.W.2d 852 (Ct. App. 1995). Our inquiry here is whether Farmers' offer of judgment allowed Fought to "fully and fairly evaluate the offer from [Fought's] own independent perspective." *See id.* (citation omitted). This requires an analysis of the terms of the offer in the context of the circumstances at the time it was made. *Id.* at 76.

¶ 10. Farmers argues that it consistently communicated its intent to settle Fought's claim for pain and suffering and his medical expenses with one sum of

---

[3] Farmers' offer of judgment to Bockin is not an issue in this appeal because she received a more favorable judgment at trial.

money. Farmers asserts that "the defendants simply offered Mr. Fought a sum of money and it was up to him to do whatever he wanted to with the money so long as he either indemnified the defendants or satisfied any and all related claims, derivative claims, and medical liens with the proceeds." Among these related or derivative claims, Farmers includes "Bockin's claim for [Fought's] medical expenses" or claims of "his grandmother, father, or aunt [who] could have made medical payments on his behalf and could potentially bring a claim for those expenses." Farmers contends that because Fought knew of his mother's claim and was in the best position to ascertain any other outstanding claims, he was able to fully and fairly evaluate the offer of judgment.

¶ 11. Fought responds that the offer of judgment was indeed ambiguous, both on its face and in the context in which it was made. He asserts three arguments in support of his position. First, he argues that the offer of judgment created an obligation for a minor to pay claims a minor is not legally obligated to pay. Second, he argues that the conditions included in the offer of judgment were overbroad and all-encompassing and that, as a result, the offer was ambiguous. Finally, Fought contends that the offer of judgment was contextually ambiguous because (1) it followed multiple attempts by Fought to settle his pain and suffering claim separately, and (2) it was served at the same time Farmers served an offer of judgment with identical conditions on Bockin.

■

¶ 12. We begin with the principle that a claim for medical bills incurred for a minor's injuries belongs to the parent. *See Korth v. American Family Ins. Co.*, 115 Wis. 2d 326, 330, 340 N.W.2d 494 (1983); WIS JI—CIVIL

1840. Neither party disputes that the claim for Fought's medical expenses legally belonged to his mother, Bockin. However, Farmers' offer of judgment to Fought contemplated that Fought would take responsibility for paying the medical expenses, either by indemnifying Farmers or by "satisfying any and all related claims," including his mother's claim for his medical expenses.

¶ 13. Farmers directs us to *Staehler v. Beuthin*, 206 Wis. 2d 610, 557 N.W.2d 487 (Ct. App. 1996), for support of its proposition that, because Fought knew his mother paid medical expenses on his behalf, he was in a position to fully and fairly evaluate the offer of judgment in terms of "which medical liens were or could have been asserted against him." In *Staehler*, we held that because Staehler was "well aware of the subrogee's expenses, and costs, and could very easily have determined during and within the statutory period of time whether or not that offer of judgment was adequate," she could fully and fairly evaluate the offer. *Id.* at 626.

¶ 14. Fought agrees that *Staehler* stands for the principle that an offer of judgment requiring an adult plaintiff to satisfy any existing related subrogated claims is valid and enforceable. *See id.* at 624. However, Fought correctly points out that *Staehler* did not address the issue of medical expenses incurred by a parent on behalf of a minor child. Farmers' offer of judgment created an obligation for Fought to pay expenses that were not legally his responsibility. Thus, the normal subrogation relationship, where the subrogee stands in the shoes of the subrogor, *see Wilmot v. Racine County*, 136 Wis. 2d 57, 63, 400 N.W.2d 917 (1987), does not exist. By suggesting that the offer of judgment to Fought included compensation for his medical expenses, Farmers' contradicted the general rule that the parent, not the child, has the right to recover for those

expenses. *See Conant v. Physicians Plus Medical Group, Inc.*, 229 Wis. 2d 271, 283, 600 N.W.2d 21 (Ct. App. 1999).

¶ 15. We observe another key difference between *Staehler* and the case before us. In *Staehler*, we held that the offer of judgment was valid because the defendant's offer "provided that the settlement proceeds be used to satisfy *any existing related* subrogated claims, not the claim of *any* subrogated person who might not be in the case." *Staehler*, 206 Wis. 2d at 627. Here, the offer of judgment included conditions that required Fought to indemnify or satisfy "any and all related claims . . . and/or liens." We agree with Fought that *Staehler* provides no support for conditions written so broadly.

¶ 16. The problem here is exacerbated by the context in which the offer of judgment was made. Fought twice attempted to ascertain what compensation Farmers attributed to pain and suffering and to obtain a corresponding offer. Following Fought's first request for clarification in his May 19 letter, Farmers responded that it was offering to settle Fought's claim "in its entirety." It is clear from the record, however, that Fought's definition of his claim "in its entirety" was that of pain and suffering only. Farmers may have defined Fought's claim "in its entirety" as pain and suffering plus medical expenses; nonetheless, it is not Farmers' perspective that drives our analysis. The offer must be viewed from Fought's perspective. *See Ritt*, 199 Wis. 2d at 75. In light of the general rule that the parent, not the child, has the right to recover for the minor child's expenses, *see Conant*, 229 Wis. 2d at 283, Farmers' offer to settle Fought's claim "in its entirety" invited confusion.

¶ 17.  Farmers' next action served to further complicate the situation. It served a new offer of judgment on Fought, which included a new amount but identical terms to the first, and it served an offer of judgment on Bockin, which included the identical indemnification and lien satisfaction conditions to Fought's offer. The circuit court captured the essence of the problem in its analysis:

> You have an offer that talks about [Fought's] claim and all derivative claims, but it's clear to me that throughout the course of this, these negotiations, and the correspondence back and forth, everybody has their own position.
>
> [The GAL] clearly takes the position that . . . the only claim that [Fought] has is his claim for pain and suffering.
>
> [Defense counsel], you pretty clearly take the position that when you're looking to settle, you want to settle [Fought's] medicals as well. But there are two offers here done, as I would expect, from the defense to try to wrap up everything. And one's given to [Fought], one's given to [Bockin] . . . . And both of these offers talk about settling it with all of the related claims. And it's not even clear to me if we look at both of these where are [Fought's] medicals supposed to fit. Is [Bockin] supposed to cover them? Is [Fought] supposed to cover them out of his? And if only one of these parties had settled, then where would we be in terms of what do we do with [Fought's] medicals?

¶ 18.  Fought attempted on at least two occasions to clarify Farmers' position on the medical bills by advising Farmers that he was not responsible for the bills and asserting that any offer should address only Fought's claim for pain and suffering. Having been advised of Fought's uncertainty regarding the offer of

judgment, Farmers had the obligation to clarify the offer of settlement. *See Staehler*, 206 Wis. 2d at 625 ("It is the obligation of the party making the offer to do so in clear and unambiguous terms, with any ambiguity in the offer being construed against the drafter."). It chose not to do so and, as a result, it did not allow Fought to fully and fairly evaluate the offer.

## CONCLUSION

¶ 19. We conclude that Farmers' offer of judgment to Fought was not a valid offer under WIS. STAT. § 807.01(1). Fought was unable to fully and fairly evaluate the terms of the offer because (1) it imposed an obligation for medical expenses upon a minor, where the legal obligation rested with the parent; (2) it employed overly broad language that imposed responsibility for any and all claims, rather than existing claims; and (3) the context in which the offer was made, specifically in light of requests for clarification and the contemporaneous offer to Bockin, created confusion as to Fought's obligations under the offer. Accordingly, we affirm the judgment of the circuit court.

*By the Court.*—Judgment affirmed.