# CIRCUIT COURT OF ROCKINGHAM COUNTY

George M. Mays, III,
an incompetent,
by George M. Mays, Jr.,
and Judy Mays,
his parents and next friends,
and George M. Mays, Jr.,
and Judy Mays, individually
and in their own right

v. .

Rockingham Memorial Hospital et al.

September 19, 1996

Case No. 10655

By Judge John J. McGrath, Jr.

This is a proceeding brought by George M. Mays, III, an incompetent by George M. Mays, Jr., and Judy Mays, his parents and next friends, and by George M. Mays, Jr., and Judy Mays individually in their own right alleging, *inter alia*, malpractice against Rockingham Memorial Hospital and three attending physicians and seeking from them as compensation the sum of $5,000,000.00 for alleged medical malpractice. The parents of the incompetent suing in their own right seek a judgment of $1,000,000.00 as compensation for the medical, pharmaceutical, and rehabilitation expenses they incurred on behalf of their son, George M. Mays, III, when he was a minor.

All of the Defendants have raised the statute of limitations as a plea in bar to the action. By Order of this Court dated July 16, 1996, a hearing was scheduled on the argument of the statute of limitations for September 3, 1996. At the hearing, all parties were represented by counsel and argument was

offered, and certain matter of pleadings in other courts, to wit, an Order of the Circuit Court of Augusta County dated April 14, 1996, appointing Mrs. Mays as the Guardian for her son, was considered by the Court.

The Defendants have asserted that the parents' claim for recovery of medical and related expenses expended on behalf of their minor and incompetent child (Count II) are barred by § 8.01-243(B) of the Code of Virginia which requires that:

> Every action for injury to property, including actions by a parent or guardian of an infant against a tortfeasor for expenses of curing or attempting to cure such infant from the result of a personal injury or loss of services of such infant shall be brought within five years after the cause of action accrues.

The Plaintiffs, Mr. and Mrs. Mays, counter that because their claim is a derivative claim under the law of Virginia, they are entitled to take advantage of the tolling provisions, if any, which enure to the benefit of their son either because of his minority or his incompetency.

The Court having considered the authority cited is of the opinion that the claim for medical expenses by a parent, although considered derivative for some purposes, is not derivative for all purposes. See, *e.g., Kerstetter v. United States*, 57 F.3d 362 (4th Cir. 1995). The Court finds the reasoning of the Courts in *Perez v. Espinola*, 749 F. Supp. 732 (E.D. Va. 1990), and *Hutto v. BIC Corp.*, 800 F. Supp. 1367 (E.D. Va. 1992), to be persuasive on the correct interpretation of the law of Virginia. Therefore, the parents' claim in the instant case set forth in Count II of the Motion for Judgment is barred by the applicable statute of limitations, *i.e.*, § 8.01-243(B). Therefore, the Defendants' plea in bar as to Count II of the Motion for Judgment is sustained, and Count II is ordered dismissed as to these Defendants.

In the second prong of their Plea in Bar, the Defendants raise a very unique and well-presented argument as to why the Plaintiff's claims are barred by § 8.01-243.1 of the Code of Virginia. In essence, the Defendants argue that because the real party in interest in this case, George M. Mays, III, was born on June 26, 1976, and the injuries which allegedly occurred to him occurred at or about the time of his birth (that is on June 26 and June 27, 1976), the claims on behalf of this Plaintiff are barred by the provisions of § 8.01-243.1. In light of the Court's Ruling set forth below, it is not necessary for the Court to set forth in detail the contentions of the Defendants which were presented in their various memoranda in support of their motions.

The Court is of the view that it need not reach the question of the interpretation of the statutory bar relating to medical malpractice claims by a minor because the Motion for Judgment in this case is brought as a medical malpractice claim on behalf of a minor *and an incompetent*. Therefore, if the action may be maintained by the Plaintiff utilizing the tolling provisions applicable to an incompetent, the Court need not reach the question of whether there has been a tolling of the medical malpractice statute of limitations because of the incompetent's minority.

The undisputed facts in the case are that the Plaintiff George M. Mays, III, is alleged to have been incompetent since the time of his birth. In fact, the Court was presented with an Order of the Circuit Court of Augusta County dated April 11, 1996, holding that George M. Mays, III, was *non compos mentis* and that this condition was permanent and irreversible and that his mother was appointed his next friend for the purposes of pursuing civil litigation. Therefore, the court need only concern itself with whether the claims of the Plaintiff proceeding as an incompetent are barred by the applicable statute of limitations.

It is clear that § 8.01-243(A) of the Code of Virginia provides for the general statute of limitations for personal injuries (including medical malpractice actions). Pursuant to that section of the Code, the statute of limitations is two years. Similarly, § 8.01-229(A)(1) provides, *inter alia*:

> If a person entitled to bring any action is at the time the cause of action accrues an infant ... or of unsound mind, such person may bring it within the prescribed limitation period after such disability is removed.

This section of the Code further provides for the purpose of interpreting this subdivision a person:

> shall be deemed of unsound mind if he is adjudged insane by a court of competent jurisdiction to be mentally incapable of rationally conducting his own affairs or if it shall otherwise appear to the court or jury determining the issue that such person is or was mentally incapable of rationally conducting his own affairs within the prescribed limitation.

Given the Order of the Circuit Court in Augusta County and what appears to be the uncontroverted evidence that George Mays, III, has been incompetent

since his birth, he clearly is entitled to the benefit of the tolling provisions set forth in § 8.01-229(A)(1).

The only exceptions to the tolling provisions which are arguably relevant to this proceeding is the one stated in § 8.01-229(A) providing the tolling provisions do not apply "except as otherwise specifically provided in ... § 8.01-243.1 ...." The Defendants' claim is that § 8.01-229(A)(1) is effectively repealed as to minors by the provisions of § 8.01-243.1 which purports to be a comprehensive scheme establishing a statute of limitations for medical malpractice action by minors. However, the basic fact is that § 8.01-243.1 of the Code is a section that deals exclusively with the statute of limitations for medical malpractice actions brought *by or on behalf of* minors. It has no bearing on and does not in any way repeal in whole or in part the tolling provisions for people who are incompetent which are set forth in § 8.01-229(A)(1). Therefore, the Court holds that Count I of the Motion for Judgment for the alleged medical malpractice claims is not barred by the statute of limitations.